**COPY**

**CARLTON, DiSANTE & FREUDENBERGER LLP**
David V. Greco (California SBN 224002)
707 Wilshire Boulevard, Suite 5150
Los Angeles, California 90017
Telephone: (213) 612-6300
Facsimile: (213) 612-6301
E-mail: dgreco@cdflaborlaw.com

**MARTENSON, HASBROUCK & SIMON LLP**
Patricia E. Simon (Ga. Bar No. 618233)
Lisa M. Szafranic (Ga. Bar No. 532495)
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120
E-mail: pesimon@martensonlaw.com
          lmszafranic@martensonlaw.com

Attorneys for Defendant S.P. Richards Company

FILED
CLERK, U.S. DISTRICT COURT
JUL - 8 20__

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SERDANO EDWARDS,

      Plaintiff,

      vs.

S.P. RICHARDS COMPANY WHICH
WILL DO BUSINESS IN CALIFORNIA
AS GEORGIA S.P. RICHARDS
COMPANY; S.P. RICHARDS
COMPANY; AND DOES 1 through 100,
inclusive,

      Defendants.

CASE NO: EDCV 11-1068 VAP(OPx)

[Riverside County Superior Court
Case No. RIC1102250]

**DEFENDANT S.P. RICHARDS
COMPANY'S NOTICE OF
REMOVAL BASED ON
DIVERSITY JURISDICTION**

[28 U.S.C. §§ 1332, 1441, 1446(a)]

Action Filed: February 14, 2011

1

DEFENDANT'S NOTICE OF
REMOVAL

CARLTON DiSANTE &
FREUDENBERGER LLP

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant S.P. RICHARDS COMPANY (incorrectly identified as "Georgia S.P. Richards Company") (hereinafter referred to as "Defendant" or "SPR") hereby removes this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California based on the following:

1.      On February 14, 2011, Plaintiff, Serdano Edwards (hereinafter referred to as "Plaintiff"), commenced an action against SPR entitled *SERDANO EDWARDS VS. S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY; and Does 1 through 100, Inclusive,* Case No. RIC 1102250, in the Superior Court of the State of California County of Riverside.   A true and correct copy of the Summons and Complaint for Damages (hereinafter referred to as "Complaint"), together with attachments (including a Certificate of Counsel and Notice of Assignment to Department for Case Management Purposes and Case Management Conference) and Summons, which were served upon Defendant on March 8, 2011, are collectively attached hereto as <u>Exhibit A</u>.

2.      In the Complaint, Plaintiff asserts claims for damages arising out of alleged (1) perceived and/or physical disability discrimination, harassment, and retaliation in violation of California Government Code § 12940, *et seq.*; (2) violation of California Family Rights Act, California Government Code § 12945.2, *et seq.*; (3) retaliation and wrongful termination in violation of public policy; and (4) violation of California Labor Code § 226, *et seq.* (wage statements).   (<u>See</u> Complaint, generally.)

3.      In the Complaint, Plaintiff details that he seeks damages against Defendant including, "loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees,

DEFENDANT'S NOTICE OF REMOVAL

CARLTON DiSANTE & FREUDENBERGER LLP

1   and other pecuniary loss," being "rendered sick, sore, lame, disabled and disordered,

2   both internally and externally, and suffered, among other things, numerous internal

3   injuries, severe fright, shock, pain, discomfort and anxiety," "expenses for medical

4   care, X-rays, and laboratory costs," "severe and permanent emotional and mental

5   distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and

6   anxiety," "attorneys fees and costs," interest, punitive and exemplary damages.  (See

7   Complaint, ¶¶ 27-34, 41-48, 53-62, 68.)

8       4.    The above-described action is one of which this Court has original

9   subject matter jurisdiction under 28 U.S.C. § 1332, and is one that may be removed

10  to this Court by Defendant pursuant to 28 U.S.C. § 1441, in that it is a civil action

11  between citizens of different states as more fully shown below, and because the

12  amount in controversy exceeds the sum or value of $75,000, exclusive of interest and

13  costs.

14           **Diversity of Jurisdiction: Citizens of Different States**

15      5.    Plaintiff was at the time this action commenced and still is a citizen of

16  the State of California.   Indeed, Plaintiff's Complaint states that "[a]t all times

17  mentioned in [the Complaint], Plaintiff was, and now is, an individual residing in the

18  County of Riverside, State of California." (See Complaint, ¶ 1.)

19      6.    At the time the Complaint was filed, and at all times since, including at

20  the time of this Notice of Removal, SPR was and is a corporation incorporated in the

21  State of Georgia with its principal place of business in Georgia.  (See Declaration of

22  Henry Martin (hereinafter referred to as "Martin Dec."), attached hereto as Exhibit

23  B.)  SPR is not a corporation incorporated in the State of California.  Id.  SPR is

24  headquartered in Atlanta, Georgia and its main offices are there. Id.

25           **Diversity Jurisdiction: More Than $75,000 In Controversy**

26      7.    The appropriate measure of the amount in controversy in a case

27  removed on diversity grounds is the litigation value of the case, assuming that the

28

1 | allegations of the complaint are true and that a jury returns a verdict for the plaintiff
2 | on all claims in the complaint. *Jackson v. American Bankers Ins. Co. of Florida*, 976
3 | F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F. 3d
4 | 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that
5 | "plaintiff prevails on liability"); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447,
6 | 449-50 (S.D. Cal. 1995) (amount in controversy to be determined upon analysis of
7 | claims made in complaint and potential recovery of punitive damages award and
8 | statutory or contractual attorneys' fees); *Goldberg v. CPC Int'l, Inc.*, 678 F. 2d 1365,
9 | 1367 (9th Cir. 1982) (amount in controversy includes potential recovery of attorneys'
10 | fees which assumes that plaintiff prevails on underlying claims).

11 |         8.      Plaintiff did not state a demand for damages in any specific amount in
12 | his Complaint. However, on June 10, 2011, Plaintiff served on Defendant Plaintiff's
13 | Response to Request for Admissions wherein Plaintiff admitted that the damages
14 | sought by Plaintiff in the Complaint in this case (as referenced in paragraphs 27-34,
15 | 41-48, 53-62 and 68) exceed the sum or value of $75,000, exclusive of interest and
16 | costs.   (See Plaintiff's Response to Requests for Admission, attached hereto as
17 | Exhibit C.)   On June 10, 2011, Plaintiff also served on Defendant Plaintiff's
18 | Response to Form Interrogatories – Employment Law, Plaintiff's Response to Form
19 | Interrogatories and Plaintiff's Response to Special Interrogatories, wherein Plaintiff
20 | alleged that his lost wages damages alone total in excess of $104,945.00 from June
21 | 17, 2008 to present.   (See Response to Form Interrogatory Employment Law No.
22 | 210.2, and Response to Form Interrogatory No. 8.7, and Response to Special
23 | Interrogatory No. 6, respectively, attached hereto collectively as Exhibit C.)

24 |         9.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b),
25 | in that it is being filed less than one year after the action was commenced and within
26 | 30 days after Defendant ascertained that the case is one which is removable; that is,
27 | within 30 days after receipt of Plaintiff's Response to Request for Admissions,
28

1 Defendant Plaintiff's Response to Form Interrogatories – Employment Law,
2 Plaintiff's Response to Form Interrogatories and Plaintiff's Response to Special
3 Interrogatories.

4     10.    Pursuant to 28 U.S.C. § 1446, Defendant attaches herewith and
5 incorporate by reference copies of the following documents served in this action:

    a.    Plaintiff's Complaint, together with Summons, Certificate of Counsel and Notice of Assignment to Department for Case Management Purposes and Case Management Conference, attached collectively hereto as <u>Exhibit A</u>.

    b.    Plaintiff's Response to Request for Admissions, Plaintiff's Response to Form Interrogatories – Employment Law, Plaintiff's Response to Form Interrogatories and Plaintiff's Response to Special Interrogatories (attached hereto collectively as <u>Exhibit C</u>).

    c.    Defendant's Answer, attached hereto as <u>Exhibit D</u>.

    d.    Plaintiff's Response to Request for Production of Documents, Deposition Notice of the Person Most Knowledgeable at S.P. Richards Company with Production of Documents Request, attached hereto as <u>Exhibit E</u>.

    e.    Defendant's Notice of Motion for Patricia E. Simon to appear *Pro Hac Vice*; Defendant's Application for Patricia E. Simon to Appear *Pro Hac Vice*; Declaration of Patricia E. Simon in Support of Application to Appear *Pro Hac Vice*; Declaration of David V. Greco in Support of Defendant's Application for Patricia E. Simon to Appear *Pro Hac Vice*; Proposed Order Granting Defendant's Application for Patricia E. Simon to Appear *Pro Hac Vice*, attached hereto collectively as <u>Exhibit F</u>.

DEFENDANT'S NOTICE OF REMOVAL

CARLTON DiSANTE &
FREUDENBERGER LLP

  f. Defendant's Notice of Motion for Lisa M. Szafranic to appear *Pro Hac Vice*; Defendant's Application for Lisa M. Szafranic to Appear *Pro Hac Vice*; Declaration of Lisa M. Szafranic in Support of Application to Appear *Pro Hac Vice*; Declaration of David V. Greco In Support of Defendants' Application for Lisa M. Szafranic to Appear *Pro Hac Vice*; Proposed Order Granting Defendants' Application for Lisa M. Szafranic to Appear *Pro Hac Vice*, attached hereto collectively as <u>Exhibit G</u>.

  g. Order Granting S.P. Richards Company's Application for Patricia E. Simon to Appear *Pro Hac Vice*, attached hereto as <u>Exhibit H</u>.

  h. Order Granting S.P. Richards Company's Application for Lisa M. Szafranic to Appear *Pro Hac Vice*, attached hereto as <u>Exhibit I</u>.

11. For the reasons and facts stated herein, Defendant asserts in good faith that the amount in controversy exceeds $75,000.00.

12. Notice of the Removal has been served upon Plaintiff (via Plaintiff's counsel of record) by mail and a Notice TO State Court and Plaintiff of Filing of Notice of Removal of Civil Action is being promptly filed with the Clerk of the Court for the Superior Court of the State of California, County of Riverside, pursuant to 28 U.S.C. § 1446(d).

13. By filing this Notice of Removal, Defendant does not concede that Plaintiff is entitled to any of the damages pled, including those damages referenced herein. To the contrary, the damages referenced herein are those which are alleged in connection with Plaintiff's Complaint and discovery responses to be "in controversy."

14. By filing this Notice of Removal, Defendant has not and does not waive any defenses it might assert or its right to bring any application anywhere in relation to this litigation or its subject matter.

CARLTON DiSANTE &
FREUDENBERGER LLP

DEFENDANT'S NOTICE OF REMOVAL

15.   Defendant reserves the right to provide additional/supplemental evidence regarding the amount in controversy.

WHEREFORE, Defendant prays that the above-captioned action now pending against it in the Superior Court of the State of California, County of Riverside be removed to this Court on the basis of diversity jurisdiction and this Court accept jurisdiction of this action in its entirety and henceforth that this action be placed on the docket for the Court for further proceedings, the same as though this action originally had been instituted in this Court.

Dated: July 8, 2011.

CARLTON DiSANTE & FREUDENBERGER LLP

By: _____
                          David V. Greco

-and-

Patricia E. Simon, Esq. (Ga. Bar No. 618233)
Lisa M. Szafranic, Esq. (Ga. Bar No. 532495)
MARTENSON, HASBROUCK & SIMON LLP
3379 Peachtree Street, N.E., Suite 400
Atlanta, Georgia 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120

*Attorneys for Defendant S.P. Richards Company*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is: 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On July 8, 2011, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT S.P. RICHARDS COMPANY'S NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

Marcus A. Mancini, Esq.
Christopher Barnes, Esq.
Tara Licata, Esq.
MANCINI & ASSOCIATES
A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 8, 2011, at Los Angeles, California.

_____          _____
Sandra Wilfong                              (Signature)
(Type or print name)

DEFENDANT'S NOTICE OF REMOVAL

CARLTON DiSANTE &
FREUDENBERGER LLP

EXHIBIT A

| SUMMONS<br>*(CITACION JUDICIAL)* | SUM-100 |
|---|---|

**NOTICE TO DEFENDANT:** S.P. RICHARDS COMPANY WHICH WILL
*(AVISO AL DEMANDADO):* DO BUSINESS IN CALIFORNIA AS
GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY;
and DOES 1 through 100, Inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 14 2011

R. Mc Elyea

**YOU ARE BEING SUED BY PLAINTIFF:** SERDANO EDWARDS,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
RIVERSIDE COUNTY SUPERIOR COURT
4050 Main Street
Riverside, CA  92501

CASE NUMBER:
*(Número del Caso):*
RIC 1102250

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus A. Mancini, Esq.     SBN 146905     (818) 783-5757  (818) 783-7710
MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600
Sherman Oaks, California  91403

DATE:                                    Clerk, by    R. Mc Elyea                    , Deputy
*(Fecha)*   FEB 14 2011                  *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): S.P. RICHARDS COMPANY

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☒ other (specify): CCP 415.95 BUSINESS ORGANIZATION FORM UNKNOWN
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use          SUMMONS          Code of Civil Procedure §§ 412.20, 465
                                          *Legal*

1 | MARCUS A. MANCINI, ESQ. (State Bar No.146905)
CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2 | TARA LICATA, ESQ. (State Bar No. 266111)
**MANCINI & ASSOCIATES**
3 | A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
4 | Sherman Oaks, CA 91403

5 | (818) 783-5757   Phone
(818) 783-7710   Fax
6

7 | Attorneys for Plaintiff **SERDANO EDWARDS**

```
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 14 2011

R. Mc Elyea
```

8 |                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 |                            **FOR THE COUNTY OF RIVERSIDE**

10

11 | SERDANO EDWARDS,                        ) Case No.   `RIC 11 0 22 50`
                                           )
12 |              Plaintiff,                )
                                           )
13 |        vs.                            ) **PLAINTIFF'S COMPLAINT FOR**
                                           ) **DAMAGES:**
14 |                                        )
                                           ) (1)   **PERCEIVED AND/OR**
15 | S.P. RICHARDS COMPANY WHICH WILL       )       **PHYSICAL DISABILITY**
     DO BUSINESS IN CALIFORNIA AS          )       **DISCRIMINATION,**
16 | GEORGIA S.P. RICHARDS COMPANY;         )       **HARASSMENT, AND**
     S.P. RICHARDS COMPANY;                )       **RETALIATION IN VIOLATION**
17 | and DOES 1 through 100, Inclusive,     )       **OF CALIFORNIA**
                                           )       **GOVERNMENT CODE §§12940**
18 |              Defendants.               )       **ET SEQ.;**
                                           )
19 |                                        ) (2)   **VIOLATION OF CALIFORNIA**
                                           )       **FAMILY RIGHTS ACT,**
20 |                                        )       **CALIFORNIA GOVERNMENT**
                                           )       **CODE §§ 12945.2 ET SEQ.;**
21 |                                        )
                                           ) (3)   **RETALIATION AND**
22 |                                        )       **WRONGFUL TERMINATION**
                                           )       **IN VIOLATION OF PUBLIC**
23 |                                        )       **POLICY;**
                                           )
24 |                                        ) (4)   **VIOLATION OF CALIFORNIA**
                                           )       **LABOR CODE §226 ET SEQ.**
25 |                                        )       **(WAGE STATEMENTS).**
                                           )
26 |                                        )       **JURY TRIAL DEMANDED**
                                           )
27 |                                        )       **UNLIMITED JURISDICTION:**
                                           )       **VALUE IN EXCESS OF**
28 |                                        )       **$25,000.00**

1

**COMES NOW** Plaintiff **SERDANO EDWARDS** (hereinafter referred to as "EDWARDS" or "Plaintiff ") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, alleges as follows:

**I.**

**FIRST CAUSE OF ACTION**

**(For Perceived and/or Physical Disability Discrimination, Harassment**

**and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.     At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Riverside, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Riverside, State of California.

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant S.P. RICHARDS COMPANY (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Riverside, State of California.

4.     Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events,

1  happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused

2  injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

3       5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

4  herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,

5  principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee

6  and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting

7  within the course and scope of said agency and employment, and that all acts or omissions alleged

8  herein were duly committed with the ratification, knowledge, permission, encouragement,

9  authorization and consent of each Defendant designated herein.

10       6.    At all times herein mentioned, for approximately eight (8) years until Plaintiff's

11  wrongful termination on or about May 4, 2009, Plaintiff was employed as an Order Filler and

12  Specialist by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at

13  all times herein mentioned, Plaintiff's employers, managers and supervisors.

14       7.    In or around September 2007, and continuing, Plaintiff sustained and/or aggravated

15  and/or developed perceived and/or physical disability(s) including, but not limited to, a fractured

16  ankle, and others, suffered while at work.

17       8.    Plaintiff kept Defendants informed of Plaintiff's physical disability(s) at all relevant

18  times.

19       9.    Plaintiff made and/or articulated a Worker's Compensation claim(s).

20       10.    Plaintiff requested, and was granted, CFRA and/or other medical and/or other leave

21  in order to recuperate and heal.

22       11.    On or about June 17, 2008, and continuing, Plaintiff sustained and/or aggravated

23  and/or developed perceived and/or physical disability(s) including, but not limited to, a ruptured

24  Achilles tendon, and others, suffered while at work.

25       12.    Plaintiff kept Defendants informed of Plaintiff's physical disability(s) at all relevant

26  times.

27       13.    Plaintiff made and/or articulated a Worker's Compensation claim(s).

28  / / /

14.     Plaintiff requested, and was granted, CFRA and/or other medical and/or other leave in order to recuperate and heal.

15.     Plaintiff was placed on disability leave by his physician(s) in or around June 2008, and continuing.

16.     Plaintiff underwent two separate surgeries, June 18, 2008 and January 5, 2009.

17.     On or about May 1, 2009, Plaintiff sent Defendants, and each of them, his release to work documentation indicating Plaintiff could return to work with no restrictions..

18.     On or about May 4, 2009, Defendants, and each of them, notified Plaintiff that there currently no open positions, and that Defendants, and each of them, could not accommodate any more leave time.

19.     On or about May 4, 2009, Defendants, and each of them, retaliated and wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that there currently no open positions, and that Defendants, and each of them, could not accommodate any more leave time.

20.     Plaintiff is informed and believes, and thereon alleges, that there were positions available for Plaintiff and that Defendants never contacted Plaintiff regarding same.

21.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with a non-disabled individual.

22.     At all times hereinalleged, Plaintiff was a qualified disabled worker with one or more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's fellow employees.

23.     From May 2009, and continuing at least through May 4, 2009, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the following continuous actions, and conduct, among others:

a.     Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.   Failing to take any affirmative steps to inform Plaintiff of any job opportunities within the company;

c.   Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s);

d.   Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

e.   Harassing, discriminating against and retaliating against Plaintiff for taking and/or requesting and/or being entitled to CFRA/FMLA and/or other medical and/or negotiated leave in order to recuperate and heal;

f.   Retaliating and wrongfully terminating Plaintiff on or about May 4, 2009 for the false and/or exaggerated and/or pretextual that there currently no open positions, and that Defendants, and each of them, could not accommodate any more leave time;

g.   Failing to rehire Plaintiff.

24.   The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of perceived and/or physical disability harassment, discrimination and retaliation.  Said statutes were intended to prevent the type of injury and damage herein set forth.  Plaintiff was, at all times material hereto, an employee with a perceived and/or physical disability(s), and within the protected class covered by California Government Code §12940, prohibiting perceived and/or physical disability harassment, discrimination and retaliation in employment.

25.   By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and discrimination.  The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working

1 environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

2 perceived and/or physical disability(s) was a motivating factor in Defendants' conduct.

3      26.    Plaintiff filed timely charges and complaints of perceived and/or physical disability

4 harassment, retaliation and discrimination with the California Department of Fair Employment and

5 Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to

6 California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's

7 administrative remedies under the California Government Code. Attached hereto and incorporated

8 herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.

9 Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by

10 reference hereto are made a part hereof.

11      27.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

12 been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333

13 including, but not limited to, loss of earnings and future earning capacity, medical and related

14 expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

15 loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

16 ascertained.

17      28.    As a direct and legal result of the acts and omissions of Defendants, and each of

18 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

19 externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

20 discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

21 who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

22 time know the exact duration or permanence of said injuries, but is informed and believes, and

23 thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

24      29.    As a further legal result of the acts and omissions of the Defendants, and each of

25 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

26 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

27 she will in the future be forced to incur additional expenses of the same nature, all in an amount

28 which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

1  expenses at the time of trial.

2      30.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

3  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

4  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

5  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

6  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

7  loss of earnings at the time of trial.

8      31.    As a further direct and legal result of the acts and conduct of Defendants, as

9  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

10  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

11  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

12  plaintiff, who will pray leave of court to assert the same when they are ascertained.

13      32.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

14  this court.

15      33.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

16  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

17  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

18  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

19  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

20  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

21      34.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

22  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

23  provided in California Government Code § 12965(b).

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

7

## II.

## SECOND CAUSE OF ACTION

### (For Violation of the California Family Rights Act

### [California Government Code § 12945.2]

### Against All Defendants and DOES 1 Through 100, Inclusive)

35.     Plaintiff incorporates herein by reference Paragraphs 1 through 34 of as though set forth in full herein.

36.     Plaintiff was an employee of Defendants who qualified for leave due to a physical disability(s) pursuant to California Government Code Section 12945.2 et seq.

37.     At all times herein mentioned, Defendants were  "Employer[s]" within the definition of Government Code Section 12945.2, in that Defendants regularly employed 50 or more people.

38.     From May 2009, and continuing at least through May 4, 2009, and continuing, Defendants and DOES 1 through 100, and each of them, denied and retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family Care and Medical Leave, by the following actions, among others:

a.      Defendants and each of them, terminated and retaliated against Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code Section 12945.2 et seq.;

b.      Defendants, and each of them, failed to give Plaintiff an opportunity at any time to return to work in violation of Government Code Section 12945.2 et seq.;

c.      Defendants, and each of them, refused to allow Plaintiff to retain Plaintiff's employee status and refused to return Plaintiff to work in violation of Government Code Section 12945.2 et seq.

39.     By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act.  The acts of discrimination described herein were sufficiently pervasive so as to alter the

1 conditions of employment, and created an abusive working environment.  When Plaintiff was

2 terminated, Plaintiff's request and/or taking and/or right to take, Family Medical Leave, was a

3 motivating factor and/or reason in Defendants' conduct.

4     40.    Plaintiff filed  timely charges and complaints of retaliation, harassment and

5 discrimination in violation of the Family Rights Act with the California Department of Fair

6 Employment and Housing pursuant to California Government Code § 12965(b), permitting

7 Plaintiff to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said

8 Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated

9 herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

10     41.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

11 been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333

12 including, but not limited to, loss of earnings and future earning capacity, medical and related

13 expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

14 loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

15 ascertained.

16     42.    As a direct and legal result of the acts and omissions of Defendants, and each of

17 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

18 externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

19 discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

20 who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

21 time know the exact duration or permanence of said injuries, but is informed and believes, and

22 thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

23     43.    As a further legal result of the acts and omissions of the Defendants, and each of

24 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

25 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

26 she will in the future be forced to incur additional expenses of the same nature, all in an amount

27 which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

28 expenses at the time of trial.

44.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

45.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

46.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

47.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

48.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

### III.

### THIRD CAUSE OF ACTION

**(For Retaliation and Wrongful Termination in Violation of Public Policy**

**Against All Defendants and DOES 1 -100, Inclusive)**

49.     Plaintiff incorporates herein by reference Paragraphs 1 through 48 of as though set forth in full herein.

10

1       50.    At all times herein mentioned, the public policy of the State of California, as

2  codified, expressed and mandated in California Government Code §12940 was to prohibit

3  employers from discriminating and retaliating against any individual based on perceived and/or

4  physical disability(s).  This public policy of the State of California is designed to protect all

5  employees and to promote the welfare and well-being of the community at large.  Accordingly, the

6  actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on

7  the grounds of stated above, or for complaining about such discrimination and retaliation, was

8  wrongful and in contravention and violation of the express public policy of the State of California,

9  to wit, the policy set forth in California Government Code §12940 et seq., and the laws and

10  regulations promulgated thereunder.

11       51.    At all times herein mentioned, the public policy of the State of California, as

12  codified, expressed and mandated in California Government Code §12945.2 was to prohibit

13  employers from discriminating and retaliating against any individual based on their taking,

14  requesting or needing Family Medical Leave.  This public policy of the State of California is

15  designed to protect all employees and to promote the welfare and well-being of the community at

16  large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

17  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination

18  and retaliation, was wrongful and in contravention and violation of the express public policy of the

19  State of California, to wit, the policy set forth in California Government Code §12945.2 et seq.,

20  and the laws and regulations promulgated thereunder.

21       52.    At all times herein mentioned, the public policy of the State of California, as

22  codified, expressed and mandated in California Labor Code §132a was to prohibit employers from

23  discriminating and retaliating against any individual based on their articulating and/or making a

24  Worker's Compensation claim.  This public policy of the State of California is designed to protect

25  all employees and to promote the welfare and well-being of the community at large.  Accordingly,

26  the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff

27  on the grounds of stated above, or for complaining about such discrimination and retaliation, was

28  wrongful and in contravention and violation of the express public policy of the State of California,

1  to wit, the policy set forth in California Labor Code §132a, and the laws and regulations

2  promulgated thereunder.

3      53.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

4  been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333

5  including, but not limited to, loss of earnings and future earning capacity, medical and related

6  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

7  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

8  ascertained.

9      54.    As a direct and legal result of the acts and omissions of Defendants, and each of

10  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

11  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

12  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

13  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

14  time know the exact duration or permanence of said injuries, but is informed and believes, and

15  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

16      55.    As a further legal result of the acts and omissions of the Defendants, and each of

17  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

18  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he

19  will in the future be forced to incur additional expenses of the same nature, all in an amount which

20  is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses

21  at the time of trial.

22      56.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

23  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

24  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

25  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

26  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

27  loss of earnings at the time of trial.

28  / / /

12

57.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

58.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

59.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

60.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

61.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and each of them, and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants, and each of them, and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

62.     As a result of the acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure §1021.5.

/ / /

/ / /

13

# IV.

## FOURTH CAUSE OF ACTION

### (Violation Of California Labor Code §226 Et Seq. (Wage Statements)
### Against all Defendants and DOES 1-100, Inclusive)

63.    Plaintiff incorporates herein by reference Paragraphs 1 through 62 of this Complaint as though set forth in full herein.

64.    Pursuant to California Labor Code §226(a), Defendants, and each of them, were required to keep copies of its employees wage statements for a period of three years.

65.    Plaintiff had the right to inspect or copy the wage statements pertaining to Plaintiff that were in the possession, custody, and control of Defendants, and each of them, because Plaintiff was a former employee of Defendants, and each of them.

66.    California Labor Code §226 © states that an employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

67.    On or about September 11, 2009, Plaintiff sent a letter to Defendants, and each of them, requesting Plaintiff's wage statements.  It has been over 21 days since Plaintiff sent the request to Defendants, and each of them, and they have not responded to Plaintiff's request.

68.    Pursuant to California Labor Code §226(f), Plaintiff is entitled to recover a $750.00 penalty from Defendants.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14

69.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

**WHEREFORE**, Plaintiff **SERDANO EDWARDS**, prays for judgment against the Defendants, and each of them, as follows:

1.     For general damages in an amount within the jurisdictional limits of this Court;

2.     For medical expenses and related items of expense, according to proof;

3.     For loss of earnings, according to proof;

4.     For loss of earning capacity, according to proof;

5.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.     For a $750.00 penalty pursuant to California Labor Code §226(f);

8.     For prejudgment interest according to proof;

9.     For punitive and exemplary damages, according to proof;

10.    For costs of suit incurred herein; and

11.    For such other and further relief as the court may deem just and proper.

Dated: February 8, 2011

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**SERDANO EDWARDS**

15

# EXHIBIT "A"

\* \* \* **EMPLOYMENT** \* \* \*   COPY

COMPLAINT OF DISCRIMINATION UNDER    DFEH #    NOT FOR SERVICE
THE PROVISIONS OF THE CALIFORNIA                          DFEH USE ONLY
FAIR EMPLOYMENT AND HOUSING ACT

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| SERDANO EDWARDS | | (818) 783-5757 |

ADDRESS
c/o Mancini & Associates   15303 Ventura Boulevard Suite 600

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sherman Oaks, CA  91403 | Los Angeles | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| S.P.RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY | (951) 681-3114 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 10235 San Sevaine Way, Building 120 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Riverside, CA  91752 | Riverside | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   5/4/09 and continuing | RESPONDENT CODE |
|---|---|---|
| 150+ | | |

THE PARTICULARS ARE:

I allege that on  5/2009 & cont. , the following conduct occurred:

| | | |
|---|---|---|
| X termination | X denial of employment | X denial of family or medical leave |
| lay-off | denial of promotion | denial of pregnancy leave |
| demotion | X denial of transfer | denial of equal pay |
| X harassment | X denial of accommodation | denial of right to wear pants |
| genetic characteristics testing | X failure to prevent discrimination or retaliation | denial of pregnancy accommodation |
| constructive discharge (forced to quit) | X retaliation | |
| impermissible non-job-related inquiry | X other (specify) discrimination | |

by  ROBB PAGGEN, Operations Manager
        Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of:

| | | | |
|---|---|---|---|
| sex | national origin/ancestry | X disability (physical or mental) | X retaliation for engaging in protected |
| age | marital status | medical condition (cancer | activity or requesting a protected |
| religion | sexual orientation | or genetic characteristic) | leave or accommodation |
| race/color | association | X other (specify) perceived physical disability(s) | |

State what you believe to be the reason(s) for discrimination

I was harassed,discriminated against and retaliated against based on my perceived and physical disability(s) (ruptured left achilles tendon).

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  9/9/09

At  Sherman Oaks, CA
          City

COMPLAINANT'S SIGNATURE

NOT FOR SERVICE

RECEIVED

SEP 1 4 2009

Department of Fair Employment

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA
LS-DFEH1

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

    On September 14, 2009, I served the foregoing document described as **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>SEE ATTACHED MAILING LIST</u>

    I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

    Executed on **September 14, 2009**, at Sherman Oaks, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HERMINA AVAKIAN

MAILING LIST

1

2   S.P. Richards Company
    Which will do business in
3   California as Georgia S.P.
    Richards Company
4   10235 San Sevaine Way
    Building 120
5   Riverside, CA 91752

6

7   S.P. Richards Company
    10235 San Sevaine Way
8   Building 120
    Riverside, CA 91752

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\* \* \* **EMPLOYMENT** \* \* \*

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #

COPY
NOT FOR SERVICE

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
SERDANO EDWARDS

TELEPHONE NUMBER (INCLUDE AREA CODE)
(818)783-5757

ADDRESS
c/o Mancini & Associates  15303 Ventura Boulevard Suite 600

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sherman Oaks, CA  91403 | Los Angeles | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
S.P.RICHARDS COMPANY

TELEPHONE NUMBER (Include Area Code)
(951)681-3114

ADDRESS
10235 San Sevaine Way, Building 120

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Riverside, CA  91752 | Riverside | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   5/4/09 and continuing | RESPONDENT CODE |
|---|---|---|
| 150+ | | |

THE PARTICULARS ARE:
I allege that on 5/2009 & cont. , the following conduct occurred:

| | | |
|---|---|---|
| X termination | X denial of employment | X denial of family or medical leave |
| ___ lay-off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | X denial of transfer | ___ denial of equal pay |
| X harassment | X denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | X failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X retaliation | |
| ___ impermissible non-job-related inquiry | X other (specify) discrimination | |

by ROBB PAGGEN, Operations Manager
   Name of Person              Job Title (supervisor/manager/personnel director/etc.)

because of:

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) |
| ___ age | ___ marital status | ___ medical condition (cancer |
| ___ religion | ___ sexual orientation | or genetic characteristic) |
| ___ race/color | ___ association | X other (specify) perceived physical disability(s) |

| |
|---|
| X retaliation for engaging in protected activity or requesting a protected leave or accommodation |

State what you believe to be the reason(s) for discrimination

I was harassed,discriminated against  and retaliated against based on my perceived and physical disability(s) (ruptured left achilles tendon).

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy not to process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 9/9/09

COPY NOT FOR SERVICE

COMPLAINANT'S SIGNATURE

At Sherman Oaks, CA
        City

RECEIVED

DATE FILED:

SEP 1 4 2009

Department of Fair Employment

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA
LS-DFEH1

1

PROOF OF SERVICE

2   STATE OF CALIFORNIA          )
                                 )  ss.
3   COUNTY OF LOS ANGELES        )

4

5          I am employed in the County of Los Angeles, State of California.  I am over the

6   age of 18 and not a party to the within action.  My business address is 15303 Ventura

7   Boulevard, Suite 600, Sherman Oaks, California 91403.

8

9          On **September 14, 2009**, I served the foregoing document described as

10  **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE**

11  **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or

12  parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as

13  follows:

14

15

16                        <u>SEE ATTACHED MAILING LIST</u>

17

18          I caused such envelope with postage thereon fully prepaid to be placed in the

19

20  United States mail at Sherman Oaks, California.

21

22          Executed on **September 14, 2009**, at Sherman Oaks, California.

            I declare under penalty of perjury under the laws of the State of California that

23  the foregoing is true and correct.

24

25

26

27  _____
                  **HERMINA AVAKIAN**

28

1

## MAILING LIST

2

3     S.P. Richards Company
      Which will do business in
      California as Georgia S.P.
4     Richards Company
      10235 San Sevaine Way
5     Building 120
      Riverside, CA 91752

6

7     S.P. Richards Company
      10235 San Sevaine Way
8     Building 120
      Riverside, CA 91752

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "B"

STATE OF CALIFORNIA - STATE AND CONSUMER SERVIC.        ENCY                    ARNOLD SCHWARZENEGGER, Gove

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1055 West Seventh Street, Suite 1400 ,Los Angeles, CA  90017
(213) 439-6770 (800) 700-2320  Fax (213) 439-6780



March 25, 2010


SERDANO EDWARDS
15303 Ventura Blvd., #600
Sherman Oaks, CA  91403

RE:   E200910R0401-00-prc
      EDWARDS/S. P. RICHARDS COMPANY

Dear SERDANO EDWARDS:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 25, 2010 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator


cc:   Case File


EEO Representative
S. P. RICHARDS COMPANY
10235 San Sevaine Wy, Bldg 120
Riverside, CA  91752

# *** EMPLOYMENT ***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910-R-0401-00-pro
· DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Mrs.)
**SERDANO EDWARDS**

TELEPHONE NUMBER (INCLUDE AREA CODE)
**(818) 783-5757**

ADDRESS
**c/o Mancini & Associates   15303 Ventura Boulevard Suite 600**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sherman Oaks, CA  91403 | Los Angeles | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
**S.P. RICHARDS COMPANY**

TELEPHONE NUMBER (Include Area Code)
**(951) 681-3114**

ADDRESS
**10235 San Sevaine Way, Building 120**

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Riverside, CA  91752 | Riverside | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   5/4/09 and continuing | RESPONDENT CODE |
|---|---|---|
| 150+ | | |

THE PARTICULARS ARE:

I allege that on 5/2009 & cont., the following conduct occurred:

| | | |
|---|---|---|
| X termination | X denial of employment | X denial of family or medical leave |
| ___ lay-off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | X denial of transfer | ___ denial of equal pay |
| X harassment | X denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | X failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X retaliation | |
| ___ impermissible non-job-related inquiry | X other (specify) discrimination | |

by **ROBB PAGGEN, Operations Manager**

Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of:

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) | X retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| ___ age | ___ marital status | ___ medical condition (cancer or genetic characteristic) | |
| ___ religion | ___ sexual orientation | | |
| ___ race/color | ___ association | X other (specify) perceived physical disability(s) | |

State what you believe to be the reason(s) for discrimination

I was harassed, discriminated against and retaliated against based on my perceived and physical disability(s) (ruptured left achilles tendon).

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  9/9/09

RECEIVED
MAR 25 2010
DEPT OF FAIR EMPLOYMENT
AND HOUSING LOS ANGELES

COMPLAINANT'S SIGNATURE

At Sherman Oaks,  CA
         City

DATE FILED:  03-25-2010

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

## * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # _____

COPY NOT FOR SERVICE

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
SERDANO EDWARDS

TELEPHONE NUMBER (INCLUDE AREA CODE)
(818) 783-5757

ADDRESS
c/o Mancini & Associates   15303 Ventura Boulevard Suite 600

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sherman Oaks, CA  91403 | Los Angeles | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| S.P.RICHARDS COMPANY | (951)681-3114 |

ADDRESS
10235 San Sevaine Way, Building 120

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Riverside, CA  91752 | Riverside | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 150+ | TOOK PLACE (month, day, and year)    5/4/09 and continuing | |

THE PARTICULARS ARE:
I allege that on 5/2009 & cont. , the following conduct occurred:

| | | |
|---|---|---|
| X termination | X denial of employment | X denial of family or medical leave |
| lay-off | denial of promotion | denial of pregnancy leave |
| demotion | X denial of transfer | denial of equal pay |
| X harassment | X denial of accommodation | denial of right to wear pants |
| genetic characteristics testing | X failure to prevent discrimination or retaliation | denial of pregnancy accommodation |
| constructive discharge (forced to quit) | X retaliation | |
| impermissible non-job-related inquiry | X other (specify) discrimination | |

by ROBB PAGGEN, Operations Manager
        Name of Person        Job Title (supervisor/manager/personnel director/etc.)

because of:

| | | |
|---|---|---|
| sex | X disability (physical or mental) | X retaliation for engaging in protected |
| age | medical condition (cancer | activity or requesting a protected |
| religion | or genetic characteristic) | leave or accommodation |
| race/color | national origin/ancestry | |
| | marital status | |
| | sexual orientation | |
| | association | |
| | X other (specify) perceived physical disability(s) | |

State what you believe to be the reason(s) for discrimination

I was harassed,discriminated against and retaliated against based on my perceived and physical disability(s) (ruptured left achilles tendon).

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  9/9/09

At  Sherman Oaks, CA
            City

COMPLAINANT'S SIGNATURE

COPY NOT FOR SERVICE

RECEIVED

SEP 1 4 2009

Department of Fair Employment

DATE FILED: _____

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA
LS-DFEH1

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                              ) ss.
COUNTY OF LOS ANGELES   )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

      On **April 8, 2010**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

      I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

      Executed on **April 8, 2010**, at Sherman Oaks, California.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HERMINA AVAKIAN

## MAILING LIST

S.P. Richards Company
Which will do business in
California as Georgia S.P.
Richards Company
10235 San Sevaine Way
Building 120
Riverside, CA 91752

S.P. Richards Company
10235 San Sevaine Way
Building 120
Riverside, CA 91752

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE        JENCY                                          ARNOLD SCHWARZENEGGER, Govern

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1055 West Seventh Street, Suite 1400 ,Los Angeles, CA  90017
(213) 439-6770 (800) 700-2320 Fax (213) 439-6780



March 25, 2010


SERDANO EDWARDS
15303 Ventura Blvd., #600
Sherman Oaks, CA  91403

RE:    E200910R0401-01-prc
       EDWARDS/GEORGIA S. P. RICHARDS COMPANY

Dear SERDANO EDWARDS:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 25, 2010 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator


cc:   Case File



EEO Representative
GEORGIA S. P. RICHARDS COMPANY
10235 San Sevaine Wy, Bldg 120
Riverside, CA  91752

# *** EMPLOYMENT ***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E 200910-R-0401-01-pri

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)
SERDANO EDWARDS

TELEPHONE NUMBER (INCLUDE AREA CODE)
(818) 783-5757

ADDRESS
c/o Mancini & Associates   15303 Ventura Boulevard Suite 600

CITY/STATE/ZIP
Sherman Oaks, CA  91403

COUNTY
Los Angeles

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY

TELEPHONE NUMBER (Include Area Code)
(951) 681-3114

ADDRESS
10235 San Sevaine Way, Building 120

DFEH USE ONLY

CITY/STATE/ZIP
Riverside, CA  91752

COUNTY
Riverside

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
150+

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   5/4/09 and continuing

RESPONDENT CODE

THE PARTICULARS ARE:
I allege that on 5/2009 & cont., the following conduct occurred:

- X termination
- ___ lay-off
- ___ demotion
- X harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry

- X denial of employment
- ___ denial of promotion
- X denial of transfer
- X denial of accommodation
- X failure to prevent discrimination or retaliation
- X retaliation
- X other (specify) discrimination

- X denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by ROBB PAGGEN, Operations Manager
Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of:
- ___ sex
- ___ age
- ___ religion
- ___ race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- X disability (physical or mental)
- ___ medical condition (cancer or genetic characteristics)
- X other (specify) perceived physical disability(s)
- X retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you believe to be the reason(s) for discrimination

I was harassed, discriminated against and retaliated against based on my perceived and physical disability(s) (ruptured left achilles tendon).

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 9/9/09

At Sherman Oaks, CA
City

RECEIVED
MAR 25 2010
DEPT OF FAIR EMPLOYMENT
AND HOUSING LOS ANGELES

COMPLAINANT'S SIGNATURE

DATE FILED:  03-25-2010

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

\*\*\*\*EMPLOYMENT\*\*\*\*

COPY
NOT FOR SERVICE

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
SERDANO EDWARDS

TELEPHONE NUMBER (INCLUDE AREA CODE)
(818) 783-5757

ADDRESS
c/o Mancini & Associates  15303 Ventura Boulevard Suite 600

CITY/STATE/ZIP
Sherman Oaks, CA  91403

COUNTY
Los Angeles

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY

TELEPHONE NUMBER (Include Area Code)
(951) 681-3114

ADDRESS
10235 San Sevaine Way, Building 120

DFEH USE ONLY

CITY/STATE/ZIP
Riverside, CA  91752

COUNTY
Riverside

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
150+

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   5/4/09 and continuing

RESPONDENT CODE

THE PARTICULARS ARE:
I allege that on 5/2009 & cont. , the following conduct occurred:

| | |
|---|---|
| X termination | X denial of employment |
| lay-off | X denial of promotion |
| demotion | X denial of transfer |
| X harassment | X denial of accommodation |
| genetic characteristics testing | X failure to prevent discrimination or retaliation |
| constructive discharge (forced to quit) | X retaliation |
| impermissible non-job-related inquiry | X other (specify) discrimination |

X denial of family or medical leave
denial of pregnancy leave
denial of equal pay
denial of right to wear pants
denial of pregnancy accommodation

by ROBB PAGGEN, Operations Manager
   Name of Person        Job Title (supervisor/manager/personnel director/etc.)

because of:
sex            national origin/ancestry       X disability (physical or mental)       X retaliation for engaging in protected
age            marital status                 medical condition (cancer              activity or requesting a protected
religion       sexual orientation             or genetic characteristic)             leave or accommodation
race/color     association                    X other (specify) perceived physical disability(s)

State what you believe to be the reason(s) for discrimination

I was harassed,discriminated against and retaliated against based on my perceived and physical disability(s) (ruptured left achilles tendon).

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  9/9/09

COMPLAINANT'S SIGNATURE

At Sherman Oaks, CA
        City

NOT FOR SERVICE COPY
DATE SIGNED

RECEIVED
SEP 14 2009
Department of Fair Employment
and Housing

COPY

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA
LS-DFEH1

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

     On **April 8, 2010**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by <u>certified mail</u>, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>SEE ATTACHED MAILING LIST</u>

     I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

     Executed on **April 8, 2010**, at Sherman Oaks, California.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
HERMINA AVAKIAN

## MAILING LIST

S.P. Richards Company
Which will do business in
California as Georgia S.P.
Richards Company
10235 San Sevaine Way
Building 120
Riverside, CA 91752


S.P. Richards Company
10235 San Sevaine Way
Building 120
Riverside, CA 91752

## SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| ☐ | **BANNING** 135 N. Alessandro Road, Banning, CA 92220 | ☐ | **MURRIETA** 30755-D Auld Road, Murrieta, CA 92563 |
| ☐ | **BLYTHE** 265 North Broadway, Blythe, CA 92225 | ☒ | **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ | **HEMET** 880 N. State St., Hemet, CA 92543 | ☐ | **RIVERSIDE** 4175 Main St., Riverside, CA 92501 |
| ☐ | **INDIO** 46-200 Oasis St., Indio, CA 92201 | ☐ | **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |
| ☐ | **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553 | | |

Name and Address           (818) 783-5757
Marcus A. Mancini, Esq.
MANCINI & ASSOCIATES
15303 Ventura Boulevard
Suite 600
Sherman Oaks, California   91403
Attorney for Plaintiff
or Party without Attorney

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 14 2011

R. Mc Elyea

---

SERDANO EDWARDS,

                              Plaintiff(s)

vs.

S.P. RICHARDS COMPANY WHICH WILL
DO BUSINESS IN CALIFORNIA AS
GEORGIA S.P. RICHARDS COMPANY; S.P

                              Defendant(s)

CASE NO.   **RIC  11 02 25 0**

**CERTIFICATE OF COUNSEL**

---

The undersigned certifies that this matter should be tried or heard in the
            Riverside       Court for the following reason:

[X]  The action arose in this judicial district.

[ ]  The action concerns real property located in this judicial district.

[ ]  The defendant resides in this judicial district.

Dated:  February 9, 2011

MANCINI & ASSOCIATES

Signed by: _____
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

Marcus A. Mancini, Esq.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)


EDWARDS VS. S.P. RICHARDS COMPANY

CASE NO. RIC 1102250



This case is assigned to the Honorable Judge Ronald L Taylor
in Department 06 for case management purposes.
The Case Management Conference is scheduled for 08/15/11
at  8:30 in Department 06.

(Bad Mnemonic)
Case Management Conference Hearing



The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.


CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 02/14/11                  Court Executive Officer/Clerk

                       By: _____
                                **R. Mc Elyea**
                           RICQUEL L MCELYEA, Deputy Clerk


ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

EXHIBIT B

**CARLTON, DiSANTE & FREUDENBERGER LLP**
David V. Greco (California SBN 224002)
707 Wilshire Boulevard, Suite 5150
Los Angeles, California 90017
Telephone: (213) 612-6300
Facsimile: (213) 612-6301

**MARTENSON, HASBROUCK & SIMON LLP**
Patricia E. Simon (Ga. Bar No. 618233)
Lisa M. Szafranic (Ga. Bar No. 532495)
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120

*Attorneys for Defendant S.P. Richards Company*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SERDANO EDWARDS, | CASE NO.: |
| Plaintiff, | |
| vs. | **DECLARATION OF HENRY MARTIN IN SUPPORT OF DEFENDANT S.P. RICHARDS COMPANY'S NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION** |
| S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY; AND DOES 1 through 100, inclusive, | |
| Defendants. | |

COMES NOW Henry Martin and, pursuant to 28 U.S.C. § 1746 and Rule 43(c) of the Federal Rules of Civil Procedure, makes the following declaration:

DECLARATION OF HENRY MARTIN

## 1.

My name is Henry Martin.  I am over the age of twenty-one and am competent to testify to, and have personal knowledge of, the matters set forth in this Declaration.  I understand that this Declaration is for use in connection with the above-captioned civil action and I give it freely for that purpose.

## 2.

I am employed by S.P. Richards Company as the Vice President – Human Resources at the Company's Headquarters in Smyrna, Georgia.

## 3.

At the time the Complaint was filed, and at all times since, including at the time of this Notice and Petition of Removal, SPR was and is a corporation incorporated in the State of Georgia with its principal place of business in Georgia. SPR is not, and has never been, a corporation incorporated in the State of California. SPR is headquartered in Atlanta, Georgia and its main offices are there.

I have read this Declaration and, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed on the 8th day of July, 2011.

_____
Henry Martin

CARLTON DiSANTE &
FREUDENBERGER LLP

2          DECLARATION OF HENRY MARTIN

EXHIBIT C

1  MARCUS A. MANCINI, ESQ. (State Bar No.146905)
   CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2  TARA LICATA, ESQ. (State Bar No. 266111)
   **MANCINI & ASSOCIATES**
3  A Professional Law Corporation
   15303 Ventura Boulevard, Suite 600
4  Sherman Oaks, CA 91403

5  (818) 783-5757  Phone
   (818) 783-7710  Fax
6
   Attorneys for Plaintiff **SERDANO EDWARDS**
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF RIVERSIDE**

10

11  SERDANO EDWARDS,                        )   Case No.  RIC1102250
                                            )
12          Plaintiff,                      )   **PLAINTIFF'S  RESPONSE TO**
                                            )   **REQUEST FOR ADMISSIONS**
13      vs.                                 )
                                            )
14  S.P. RICHARDS COMPANY WHICH WILL        )
    DO BUSINESS IN CALIFORNIA AS            )
15  GEORGIA S.P. RICHARDS COMPANY;          )
    S.P. RICHARDS COMPANY; and DOES 1       )
16  through 100, Inclusive,                 )
                                            )
17          Defendants.                     )
                                            )
18                                          )
                                            )
19  _____)

20  PROPOUNDING PARTY:   Defendant S.P. RICHARDS COMPANY

21  RESPONDING PARTY:    Plaintiff SERDANO EDWARDS

22  SET NO.:             ONE (1)

23  TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

24  COMES NOW; the Plaintiff, SERDANO EDWARDS, and pursuant to California Code of Civil

25  Procedure § 2033.010, responds to, REQUEST FOR ADMISSIONS, SET ONE, propounded by

26  Defendant, S.P. RICHARDS COMPANY, as follows:

27  / / /

28  / / /

                              1
        PLAINTIFF'S  RESPONSE TO REQUEST FOR ADMISSIONS

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement herein, if any interrogatory were a asked for or any statement contained herein was made by a witness  present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.  This responding party is responding to all request for admissions to the extent that information has become known by it.  However, this responding party's discovery and investigation in preparation for trial in this matter has not been completed as of the date of these responses to request for admissions, and, therefore, this responding party does not propose to state herein anything more than information presently known and discovery by it.  This responding party reserves the right to continue discovery and investigation in this matter for facts, witnesses and supporting data that may recall information which, if fit had presently within its knowledge, would be included in these responses.  Consequently, to the extent that the request for admissions herein ask for "all facts" or the name of "all persons" or the identity of "all documents", etc., they are responded to fully insofar as the information is presently available to the responding party. This responding party is not precluded from presenting at trial information discovered following the date of these responses.  However, Plaintiff assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence discovered following the mailing of these  responses.  Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied or should be inferred.  The fact that any interrogatory herein has been answered should not be taken as an admission, or acceptance, or that existence or any fact or facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence.

It is assumed by the responding party that the propounding party and all parties to this lawsuit possess and are familiar with all the discovery proceedings in this action.  Therefore, when an interrogatory calls for information which is contained in the discovery materials available to all parties, said interrogatory will be answer only be reference to those discovery materials.

PLAINTIFF'S  RESPONSE TO REQUEST FOR ADMISSIONS

1    This introductory statement is incorporated herein by reference to each of the answers as it

2    is stated in full.

3                                    **GENERAL OBJECTIONS**

4    Plaintiff has not fully completed his investigation of the facts relating to this case, has not

5    fully completed his discovery in this action, and has not completed his preparation for trial.  All

6    responses contained herein are based only upon such information and documents that are

7    presently available to and specifically known to Plaintiff, and discloses on those contentions that

8    presently occur to Plaintiff.  It is anticipated that further discovery, independent investigation,

9    legal research and analysis of the documentary record will supply additional facts, add meaning to

10   the known facts, all of which may lead to substantial additions to, and changes in, the responses

11   herein set forth.

12   The following responses are given without prejudice to Plaintiff's right to produce

13   evidence of any substantially discovered fact or facts which Plaintiff may later develop.  Plaintiff

14   accordingly reserves the right to change any and all answers herein as additional facts are

15   ascertained, analysis made, legal research conducted, and contentions are made, and after full

16   review of all documents produced in response to document requests.

17   Plaintiff objects generally to each and every request to the extent that it seeks to obtain

18   information that is as readily available to Defendant and their counsel as to Plaintiff.

19   Plaintiff objects generally to each and every request to the extent that it is vague,

20   ambiguous, overbroad, unduly burdensome, oppressive and compound.

21   The responses contained herein are made in good faith and in an effort to supply as much

22   factual information and as much specification of legal contentions as is presently known, but are

23   in no way to the prejudice of Plaintiff in relation to further discovery, research or analysis.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

PLAINTIFF'S  RESPONSE TO REQUEST FOR ADMISSIONS

1.  Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith inquiry and admits.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

Dated: June 8, 2011

         MANCINI & ASSOCIATES
         A Professional Law Corporation

     By: _____
        TARA LICATA
        Attorneys for Plaintiff

PLAINTIFF'S  RESPONSE TO REQUEST FOR ADMISSIONS

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____
I have read the foregoing *Response to Request For Admissions Set One* _____ and knows its contents.

**CHECK APPLICABLE PARAGRAPHS**

☑ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ a _____ of _____
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.
Executed on *June 8, 2011* _____ , at *Redlands* _____ , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Serafino Edwards*
_____
Type or Print Name _____ Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____
I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ _____
Type or Print Name _____ Signature

*BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
® Plus
Rev. 7/99

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                          )  ss.
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On June 10, 2011, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE** on the interested party or parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

David V. Greco, Esq.
CARLTON DiSANTE &
FREUDENBERGER LLP
707 Wilshire Blvd., Suite 5150
Los Angeles, CA 90017

Patricia E. Simon, Esq.
Lisa M. Szafranic, Esq.
MARTENSON, HASBROUCK & SIMON LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA   30326

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on June 10, 2011, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SHAWN JERVIS

MARCUS A. MANCINI, ESQ. (State Bar No.146905)
CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
TARA LICATA, ESQ. (State Bar No. 266111)
**MANCINI & ASSOCIATES**
A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403

(818) 783-5757  Phone
(818) 783-7710  Fax

Attorneys for Plaintiff **SERDANO EDWARDS**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| SERDANO EDWARDS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY; and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | Case No. RIC1102250<br><br>**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES - EMPLOYMENT LAW** |

PROPOUNDING PARTY:   Defendant S.P. RICHARDS COMPANY

RESPONDING PARTY:   Plaintiff SERDANO EDWARDS

SET NO:   ONE (1)

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

　　　　COMES NOW the plaintiff, SERDANO EDWARDS, and pursuant to California Code of Civil Procedure §2030.010, responds to FORM INTERROGATORIES - EMPLOYMENT LAW, SET ONE, propounded by Defendant S.P. RICHARDS COMPANY as follows:

/ / /

/ / /

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement herein, if any interrogatory were a asked for or any statement contained herein was made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. This responding party is responding to all interrogatories to the extent that information has become known by it. However, this responding party's discovery and investigation in preparation for trial in this matter has not been completed as of the date of these responses to interrogatories, and, therefore, this responding party does not propose to state herein anything more than information presently known and discovery by it. This responding party reserves the right to continue discovery and investigation in this matter for facts, witnesses and supporting data that may recall information which, if fit had presently within its knowledge, would be included in these responses. Consequently, to the extent that the interrogatories herein ask for "all facts" or the name of "all persons" or the identity of "all documents", etc., they are responded to fully insofar as the information is presently available to the responding party. This responding party is not precluded from presenting at trial information discovered following the date of these responses. However, Plaintiff assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence discovered following the mailing of these responses. Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any interrogatory herein has been answered should not be taken as an admission, or acceptance, or that existence or any fact or facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence.

It is assumed by the responding party that the propounding party and all parties to this lawsuit possess and are familiar with all the discovery proceedings in this action. Therefore, when an interrogatory calls for information which is contained in the discovery materials available to all parties, said interrogatory will be answer only be reference to those discovery

1   materials.

2       This introductory statement is incorporated herein by reference to each of the answers as

3   it is stated in full.

4   **GENERAL OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

5       Plaintiff has not fully completed his investigation of the facts relating to this case, has not

6   fully completed his discovery in this action, and has not completed his preparation for trial.  All

7   responses contained herein are based only upon such information and documents that are

8   presently available to and specifically known to Plaintiff, and discloses on those contentions that

9   presently occur to Plaintiff.  It is anticipated that further discovery, independent investigation,

10  legal research and analysis of the documentary record will supply additional facts, add meaning

11  to the known facts, all of which may lead to substantial additions to, and changes in, the

12  responses herein set forth.

13      The following interrogatory responses given without prejudice to Plaintiff's right to

14  produce evidence of any substantially discovered fact or facts which Plaintiff may later develop.

15  Plaintiff accordingly reserves the right to change any and all answers herein as additional facts

16  are ascertained, analysis made, legal research conducted, and contentions are made, and after full

17  review of all documents produced in response to document requests.

18      Plaintiff objects generally to each and every Interrogatory to the extent that it seeks to

19  obtain information that is as readily available to Defendant and their counsel as to Plaintiff.

20      Plaintiff objects generally to each and every Interrogatory to the extent that it is vague,

21  ambiguous, overbroad, unduly burdensome, oppressive and compound.

22      The responses contained herein are made in good faith and in an effort to supply as much

23  factual information and as much specification of legal contentions as is presently known, but are

24  in no way to the prejudice of Plaintiff in relation to further discovery, research or analysis.

25  / / /

26  / / /

27  / / /

28  / / /

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW

## PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES

**202.0  Discrimination - Interrogatories to Employee**

    202.1  Yes.

        (a)    Defendants, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s).  Defendants, and each of them, failed to determine the extent of Plaintiff's disability(s) and how they could be accommodated; failed to take any affirmative steps to inform Plaintiff of any job opportunities within the company; failed to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s); failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations; harassed, discriminating against and retaliating against Plaintiff for taking and/or requesting and/or being entitled to CFRA/FMLA and/or other medical and/or  negotiated leave in order to recuperate and heal; retaliated and wrongfully terminated Plaintiff on or about May 4, 2009 for the false and/or exaggerated and/or pretextual that there currently no open positions, and that Defendants, and each of them, could not accommodate any more leave time;

        (b)    Perceived and/or physical disability;

        (c)    Plaintiff began his employment with Defendants, and each of them, February 26, 2001 as an Order Filler.  On or about June 17, 2008 Plaintiff went to the restroom to wash his hands as his shift was ending.  After Plaintiff washed his hands, Plaintiff turned to his left to reach for paper towels, when his left foot  slipped in water on the floor.  Plaintiff twisted his ankle when he slipped and caught his fall holding onto the sink. Plaintiff felt severe pain in his left ankle, clocked out, went home.  The next day Plaintiff contacted Robb Paggen and told him what had happened

4

1   Plaintiff went to the doctor.  Plaintiff filed a workers' compensation claim.
2   Plaintiff informed Robb Paggen that he ruptured his left Achilles tendon
3   and was taken off work to heal and recuperate.  On or about May 1, 2009,
4   Plaintiff sent Robb Paggen his release to work documentation indicating
5   Plaintiff could return to work with no restrictions.  Plaintiff requested, and
6   was granted, CFRA and/or other medical and/or other leave in order to
7   recuperate and heal.  Plaintiff was placed on disability leave by his
8   physician(s) in or around June 18, 2008, and continuing.  Plaintiff
9   underwent two separate surgeries, June 18, 2008 and January 5, 2009.
10   On or about May 1, 2009, Plaintiff sent Defendants, and each of them, his
11   release to work documentation indicating Plaintiff could return to work
12   with no restrictions.  On or about May 4, 2009, Defendants, and each of
13   them, notified Plaintiff that there currently no open positions, and that
14   Defendants, and each of them, could not accommodate any more leave
15   time.  On or about May 4, 2009, Defendants, and each of them, retaliated
16   and wrongfully terminated Plaintiff for the false and/or exaggerated and/or
17   pretextual reason(s) that there currently no open positions, and that
18   Defendants, and each of them, could not accommodate any more leave
19   time;

20   (d)   Discovery in this matter has just begun and is not yet complete.  However,
21   in the spirit of discovery and without waiving the aforementioned
22   objections, Plaintiff responds as follows with the information Plaintiff has
23   obtained to date and reserves the right to seek and to obtain additional
24   information.  Plaintiff has made a reasonable and good faith effort and is
25   informed and believes Defendants, and each of them; Robb Paggen,
26   Operations Manager at S.P. Richards Company, 10235 San Sevaine Way,
27   Mira Loma, CA (951) 681-3804; Gerald Sanders, 47 1st Street, Redlands,
28   CA 92373 (909) 798-2209; Jim Eddow, M.P.T. OCS and Bryn

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW

Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite
4, Riverside, CA 92503 (951) 637-2320;

(e)     Plaintiff has made a reasonable and good faith effort and identifies his
Complaint filed in this action and complaint filed with the Department of
Fair Employment and Housing; Plaintiff's medical records in the
possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn
Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite
4, Riverside, CA 92503 (951) 637-2320 and Gerald Sanders, 47 1st Street,
Redlands, CA 92373 (909) 798-2209; Plaintiff's December 30, 2008
Injury Status Report; Plaintiff's January 16, 2009 Injury Status Report;
Plaintiff's February 27, 2009 Injury Status Report; Plaintiff's April 10,
2009 Injury Status Report; Plaintiff's May 22, 2009 Injury Status Report;
Plaintiff's employment file in the possession, custody and control of
Defendants, and each of them; the May 4, 2009 letter to Plaintiff from
Robb Paggen terminating Plaintiff's Employment.  This response is given
without prejudice to the right of this responding party to produce at the
time of trial, or any other proceeding in this action, any and all
subsequently discovered evidence relating to the proof of presently known
material facts and contentions, and to produce all evidence whenever
discovered relating to the proof of subsequently discovered material facts
and contentions, not evident at this time.  Plaintiff reserves the right to
amend this response either before or during trial.  Discovery continues.

202.2   Objection.  Calls for a speculation, a legal conclusion and expert opinion.
Without the waiver of objections stated herein, Plaintiff has made a reasonable
and good faith effort and is informed and believes he was fully qualified to
perform his job with Defendants at all times during his employment with
Defendants, with or without accommodations.  Plaintiff was denied his job when
he was wrongfully terminated by Defendants.  Plaintiff was fully qualified to

6

perform his job as a result of Plaintiff passing a test with Defendants. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

**204.0   Disability Discrimination**

204.1   Ruptured left Achilles tendon.

204.2   (a)   Plaintiff suffered severe emotional and mental distress including anguish, discomfort, anxiety, stress, trouble sleeping, frustration, pain, depression and low sex drive;

(b)   As a direct result of Defendant's harassment, discrimination and retaliation against Plaintiff and his wrongful termination;

(c)   Beginning on or about May 4, 2009;

(d)   No;

(e)   No.

(a)   Lower back injury to L5;

(b)   Work-related injury;

(c)   September 15, 2003;

(d)   Yes. Plaintiff filed in and around September 15, 2003 and received benefits;

(e)   No.

(a)   Dislocated right ankle;

(b)   Work-related injury;

(c)   November 6, 2006;

///

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW

| | | |
|---|---|---|
| 1 | (d) | Yes. Plaintiff filed in and around November 6, 2006 and received |
| 2 | | benefits; |
| 3 | (e) | No. |
| 4 | (a) | Ruptured left Achilles tendon; |
| 5 | (b) | Work-related injury; |
| 6 | (c) | June 17, 2008; |
| 7 | (d) | Yes. Plaintiff filed June 18, 2008 and received benefits; |
| 8 | (e) | No. |

204.3 Yes.

    (a)    Plaintiff informed Robb Paggen, Operations Manager at S.P. Richards Company, 10235 San Sevaine Way, Mira Loma, CA (951) 681-3804;

    (b)    Plaintiff has no knowledge;

    (c)    On or about June 18, 2008, Plaintiff informed Robb Paggen that he injured his left Achilles tendon and needed to see a doctor. Plaintiff filed a workers' compensation claim and was sent to a doctor and later informed Robb Paggen that he ruptured his left Achilles tendon and was taken off work to heal and recuperate. On or about May 1, 2009, Plaintiff sent Robb Paggen his release to work documentation indicating Plaintiff could return to work with no restrictions;

    (d)    Plaintiff is informed and believes his medical records with Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320 and his employment file with Defendants, and each of them.

204.5    Objection. Calls for a speculation, a legal conclusion and expert opinion. Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes he needed the accommodations of time off work to recuperate and heal from his injuries and be allowed to return to work. This response is given without prejudice to the right of this responding party to

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW

1   produce at the time of trial, or any other proceeding in this action, any and all

2   subsequently discovered evidence relating to the proof of presently known

3   material facts and contentions, and to produce all evidence whenever discovered

4   relating to the proof of subsequently discovered material facts and contentions,

5   not evident at this time.  Plaintiff reserves the right to amend this response either

6   before or during trial.  Discovery continues.

7   204.6   Objection.  Calls for a speculation, a legal conclusion and expert opinion.

8   Without the waiver of objections stated herein, yes.

9   (a)   Plaintiff informed Robb Paggen, Operations Manager at S.P. Richards

10   Company, 10235 San Sevaine Way, Mira Loma, CA (951) 681-3804;

11   (b)   Plaintiff has no knowledge;

12   (c)   On or about June 17, 2008, Plaintiff informed Robb Paggen that he injured

13   his left Achilles tendon and needed to see a doctor.  Plaintiff filed a

14   workers' compensation claim and was sent to a doctor and later informed

15   Robb Paggen that he ruptured his left Achilles tendon and was taken off

16   work to heal and recuperate.  On or about May 1, 2009, Plaintiff sent Robb

17   Paggen his release to work documentation indicating Plaintiff could return

18   to work with no restrictions;

19   (d)   Plaintiff is informed and believes his medical records with Jim Eddow,

20   M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020

21   Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320 and his

22   employment file with Defendants, and each of them.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW

**205.0  Discharge in Violation of Public Policy**

205.1  (a)   California <u>Government Code</u> § § 12940 et seq. and 12945.2 et seq.;

California <u>Labor Code</u> §132a;

(b)   Plaintiff began his employment with Defendants, and each of them, February 26, 2001 as an Order Filler.  On or about June 17, 2008 Plaintiff went to the restroom to wash his hands as his shift was ending.  After Plaintiff washed his hands, Plaintiff turned to his left to reach for paper towels, when his left foot  slipped in water on the floor.  Plaintiff twisted his ankle when he slipped and caught his fall holding onto the sink. Plaintiff felt sever pain in his left ankle, clocked out, went home.  The next day Plaintiff contacted Robb Paggen and told him what had happened and Plaintiff went to the doctor.  Plaintiff filed a workers' compensation claim. Plaintiff informed Robb Paggen that he ruptured his left Achilles tendon and was taken off work to heal and recuperate.  On or about May 1, 2009, Plaintiff sent Robb Paggen his release to work documentation indicating Plaintiff could return to work with no restrictions.  Plaintiff was discriminated and retaliated against for participating in a worker's compensation claim.  Plaintiff requested, and was granted, CFRA and/or other medical and/or other leave in order to recuperate and heal.  Plaintiff was placed on disability leave by his physician(s) in or around June 18, 2008, and continuing.  Plaintiff underwent two separate surgeries, June 18, 2008 and January 5, 2009.  On or about May 1, 2009, Plaintiff sent Defendants, and each of them, his release to work documentation indicating Plaintiff could return to work with no restrictions.  On or about May 4, 2009, Defendants, and each of them, notified Plaintiff that there currently no open positions, and that Defendants, and each of them, could not accommodate any more leave time.  On or about May 4, 2009, Defendants, and each of them, retaliated and wrongfully terminated

10

Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that
there currently no open positions, and that Defendants, and each of them,
could not accommodate any more leave time.

**208.0   Governmental Complaints**

208.1   Yes.

    (a)    March 25, 2010;

    (b)    California Department of Fair Employment and Housing, 611 West Sixth Street, Suite 1500, Los Angeles, CA 90017 (213) 439-6702;

    (c)    E200910R0401-00-prc and E200910R0401-01-prc;

    (d)    Complaint of harassment, discrimination, retaliation and wrongful termination;

    (e)    Plaintiff has no knowledge;

    (f)    Plaintiff has no knowledge;

    (g)    Yes.  Right to sue letter issued March 25, 2010;

    (h)    Plaintiff has no knowledge.

**209.0   Other Employment Claims by Employee or Against Employer**

209.1   No.

**210.0   Loss of Income - Interrogatories to Employee**

210.1   Yes.

210.2   Plaintiff has made a reasonable and good faith effort and is informed and believes
he has suffered a loss of income in excess of $104,945 and continuing, not
including annual pay increases, vacation pay, overtime, holiday overtime, health
insurance, bonuses, etc.  Plaintiff calculates this amount by his monthly earnings
of approximately $2,947.00, working 40 plus hours a week at an hourly wage of
$18.42 for his employment with Defendant.  If Plaintiff would not have been
wrongfully terminated, he  would have earned in excess of $104,945.00 from June
17, 2008 to present.  These are the dates Plaintiff has been unemployed.  Plaintiff
contends that the above numbers are estimates only and are subject to expert

testimony.  Investigation and discovery are continuing. Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

210.3   Objection.  Calls for a speculation, a legal conclusion and expert opinion. Without the waiver of objections stated herein, Plaintiff contends yes.  As of the date of these responses, Plaintiff is unemployed and not earning income.  Plaintiff has searched and has been searching for employment and it is unknown when Plaintiff will secure employment.  Because it is unknown when Plaintiff will secure employment, he will continue to lose income both present and in the future up to an unknown date, for an unknown duration and in an unknown amount.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

210.4   Yes.  Plaintiff has searched and continues to search for employment.

210.5   No.

210.6   No.

**212.0   Physical, Mental, or Emotional Injuries - Interrogatories to Employee**

212.1   Yes.

212.2   As a direct result of Defendant's actions and conduct set forth in Plaintiff's complaint and causes of actions set forth in Plaintiff's complaint, Plaintiff suffered from severe emotional and mental distress including anguish, discomfort, anxiety, stress, trouble sleeping, frustration, pain, depression and low sex drive.

212.4   Yes.

(a)   Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209;

(b)   Depression test;

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW

|    |    |     |                                                               |
|----|----|-----|---------------------------------------------------------------|
| 1  |    | (c) | Plaintiff does not recall;                                    |
| 2  |    | (d) | Billing unascertained.                                        |

212.5  No.

212.6  No.

212.7  No.

**213.0  Other Damages - Interrogatories to Employee**

213.1  Yes.

    (a)    Plaintiff's vehicle was repossessed because he could no longer afford making the payments;

    (b)    January 20, 2009;

    (c)    Approximately $16,995.86;

    (d)    Wells Fargo Financial, 3939 Atlantic Avenue, Suite 107, Long Beach, CA 90807 (562) 490-0812.

213.2  Yes.  Plaintiff has the Asset Acquisition Letter from Wells Fargo.

**215.0  Investigation**

215.1  No.

215.2  No.

**217.0  Responses to Request for Admissions**

217.1  Plaintiff response to Defendant's Request for Admission is an unqualified admission.

DATED: June 8, 2011            MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
       TARA LICATA
       Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF

I have read the foregoing *Response to Form Interrogatories Employment Law Set one* and know its contents.

☑ CHECK APPLICABLE PARAGRAPHS

☑ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on *June 8, 2011* , at *Redlands* , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Seradano Edwards*

Type or Print Name                                                          Signature

## PROOF OF SERVICE

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ In this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at _____ , California.

The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                                 _____
Type or Print Name                                              Signature

*BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus                                                        Rev. 7/99

PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On June 10, 2011, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES - EMPLOYMENT LAW, SET ONE** on the interested party or parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

David V. Greco, Esq.
CARLTON DiSANTE &
FREUDENBERGER LLP
707 Wilshire Blvd., Suite 5150
Los Angeles, CA 90017

Patricia E. Simon, Esq.
Lisa M. Szafranic, Esq.
MARTENSON, HASBROUCK & SIMON LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA   30326

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on June 10, 2011, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


SHAWN JERVIS

1   MARCUS A. MANCINI, ESQ. (State Bar No.146905)
    CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2   TARA LICATA, ESQ. (State Bar No. 266111)
    **MANCINI & ASSOCIATES**
3   A Professional Law Corporation
    15303 Ventura Boulevard, Suite 600
4   Sherman Oaks, CA 91403

5   (818) 783-5757  Phone
    (818) 783-7710  Fax
6
    Attorneys for Plaintiff **SERDANO EDWARDS**
7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF RIVERSIDE**

10

11  SERDANO EDWARDS,                    )    Case No. RIC1102250
                                        )
12          Plaintiff,                  )    **PLAINTIFF'S RESPONSE TO FORM**
                                        )    **INTERROGATORIES**
13      vs.                             )
                                        )
14  S.P. RICHARDS COMPANY WHICH WILL    )
    DO BUSINESS IN CALIFORNIA AS        )
15  GEORGIA S.P. RICHARDS COMPANY;      )
    S.P. RICHARDS COMPANY; and DOES 1   )
16  through 100, Inclusive,             )
                                        )
17          Defendants.                 )
                                        )
18  _____ )

19

20  PROPOUNDING PARTY:    Defendant S.P. RICHARDS COMPANY

21  RESPONDING PARTY:     Plaintiff SERDANO EDWARDS

22  SET NO:               ONE (1)

23  TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

24          COMES NOW the plaintiff, SERDANO EDWARDS, and pursuant to California Code of

25  Civil Procedure §2030.010, responds to FORM INTERROGATORIES, SET ONE, propounded

26  by Defendant S.P. RICHARDS COMPANY as follows:

27  ///

28  ///

                                        1

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement herein, if any interrogatory were a asked for or any statement contained herein was made by a witness  present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.  This responding party is responding to all interrogatories to the extent that information has become known by it.  However, this responding party's discovery and investigation in preparation for trial in this matter has not been completed as of the date of these responses to interrogatories, and, therefore, this responding party does not propose to state herein anything more than information presently known and discovery by it.  This responding party reserves the right to continue discovery and investigation in this matter for facts, witnesses and supporting data that may recall information which, if fit had presently within its knowledge, would be included in these responses.  Consequently, to the extent that the interrogatories herein ask for "all facts" or the name of "all persons" or the identity of "all documents", etc., they are responded to fully insofar as the information is presently available to the responding party.  This responding party is not precluded from presenting at trial information discovered following the date of these responses.  However, Plaintiff assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence discovered following the mailing of these  responses.  Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied or should be inferred.  The fact that any interrogatory herein has been answered should not be taken as an admission, or acceptance, or that existence or any fact or facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence.

It is assumed by the responding party that the propounding party and all parties to this lawsuit possess and are familiar with all the discovery proceedings in this action.  Therefore, when an interrogatory calls for information which is contained in the discovery materials available to all parties, said interrogatory will be answer only be reference to those discovery

1    materials.

2           This introductory statement is incorporated herein by reference to each of the answers as

3    it is stated in full.

4    **GENERAL OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

5           Plaintiff has not fully completed his investigation of the facts relating to this case, has not

6    fully completed his discovery in this action, and has not completed his preparation for trial.  All

7    responses contained herein are based only upon such information and documents that are

8    presently available to and specifically known to Plaintiff, and discloses on those contentions that

9    presently occur to Plaintiff.  It is anticipated that further discovery, independent investigation,

10   legal research and analysis of the documentary record will supply additional facts, add meaning

11   to the known facts, all of which may lead to substantial additions to, and changes in, the

12   responses herein set forth.

13          The following interrogatory responses given without prejudice to Plaintiff's right to

14   produce evidence of any substantially discovered fact or facts which Plaintiff may later develop.

15   Plaintiff accordingly reserves the right to change any and all answers herein as additional facts

16   are ascertained, analysis made, legal research conducted, and contentions are made, and after full

17   review of all documents produced in response to document requests.

18          Plaintiff objects generally to each and every Interrogatory to the extent that it seeks to

19   obtain information that is as readily available to Defendant and their counsel as to Plaintiff.

20          Plaintiff objects generally to each and every Interrogatory to the extent that it is vague,

21   ambiguous, overbroad, unduly burdensome, oppressive and compound.

22          The responses contained herein are made in good faith and in an effort to supply as much

23   factual information and as much specification of legal contentions as is presently known, but are

24   in no way to the prejudice of Plaintiff in relation to further discovery, research or analysis.

25   / / /

26   / / /

27   / / /

28   / / /

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE

## PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES

1.0    **Identity of Persons Answering These Interrogatories**

    1.1    Plaintiff and Plaintiff's attorney, Mancini & Associates, 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403 (818) 783-5757.

2.0    **General Background Information - Individual**

    2.1    (a-c)   Serdano Lennard Edwards, birth to present.

    2.2    February 2, 1972 in Los Angeles, CA.

    2.3    Objection on the grounds that the information requested is irrelevant as this matter does not involve a traffic accident or motor vehicle, is irrelevant to the factual and legal issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that this interrogatory seeks to violate Plaintiff's right to privacy guaranteed under the United States and California Constitutions.  Without the waiver of objections stated herein, yes.

        (a)    California;

        (b)    A8928738, Class C;

        (c)    June 4, 2004;

        (d)    Corrective lenses.

    2.4    Objection on the grounds that the information requested is irrelevant as this matter does not involve a traffic accident or motor vehicle, is irrelevant to the factual and legal issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that this interrogatory seeks to violate Plaintiff's right to privacy guaranteed under the United States and California Constitutions.  Without the waiver of objections stated herein, no.

/ / /

/ / /

/ / /

4

2.5     Objection.  This interrogatory is an invasion of Plaintiff's right of privacy and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Plaintiff responds as follows:

(a-c)   87 Tennessee Street, Apt. C, Redlands, CA 92373, October 2009 to present;

2442 Iowa Avenue, Apt. B-18, Redlands, CA 92373, January 2008 to October 2009;

1550 Rimpau Avenue, Space 67, Redlands, CA, 2005 to September 2006;

5059 Quail Run Road, Apt. 75, Riverside, CA, 2004; September 2006 to January 2008;

21851 Newland Street, #134, Huntington Beach, CA, 2002 to 2003;

880 Hot Springs Road, Corona, CA, 2000 to 2001;

89-2000 Fashion Park, Apt D, Orange, CA, 1989-2000.

2.6     (a-b)   Plaintiff is unemployed;

S.P. Richards Company, 10235 San Sevaine Way, Mira Loma, CA (951) 681-3804, Order Filler, February 26, 2001 to June 17, 2008;

Harbor Distributor, 1625 S. Lewis Street, Anaheim, Ca 92805 (714) 712-2400, Merchandiser/Draft Tech., May 1998 to January 2000.

2.7     Objection on the grounds that the information requested is irrelevant to the factual and legal issues in this lawsuit and an invasion of Plaintiff's right of privacy and is not reasonably calculated to lead to the discovery of admissible evidence.  Without the waiver of objections stated herein, Plaintiff contends the following:

(a)     Moreno Valley High School, Moreno Valley, CA;

(b)     1987;

(c)     12th;

(d)     None.

(a)     Arlington High School, Riverside, CA;

(b)     1987-1991;

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE

1          (c)      12th;

2          (d)      Diploma.

3    2.8    Objection.  This interrogatory is an invasion of Plaintiff's right of privacy, violates

4          Plaintiff's fifth amendment privilege and is not reasonably calculated to lead to

5          the discovery of admissible evidence.  Without the waiver of objections stated

6          herein, no.

7    2.9    Objection.  Vague, ambiguous, oppressive, burdensome and calculated to annoy

8          and harass Plaintiff and not reasonably calculated to lead to the discovery of

9          admissible evidence.  Without the waiver of objections stated herein, yes.

10   2.10   Objection.  Vague, ambiguous, oppressive, burdensome and calculated to annoy

11         and harass Plaintiff and not reasonably calculated to lead to the discovery of

12         admissible evidence.  Without the waiver of objections stated herein, yes.

13   2.12   No.

14   2.13   Yes.

15         (a)      Plaintiff;

16         (b)      Ibuprofen for inflamation and mild pain; Vicodin for severe pain;

17         (c)      Ibuprofen, 1 tablet every 8 hours; Vicodin 800mg every 6 hours;

18         (d)      8 a.m. and 10 p.m.;

19         (e)      Plaintiff's residence;

20         (f)      None;

21         (g)      John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503

22                  (909) 354-7270.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE

| | | |
|---|---|---|
| 1 | **6.0** | **Physical, Mental, or Emotional Injuries** |
| 2 | 6.1 | Yes. |
| 3 | 6.2 | As a direct result of Defendant's actions and conduct set forth in Plaintiff's |
| 4 | | complaint and causes of actions set forth in Plaintiff's complaint, Plaintiff |
| 5 | | suffered from severe emotional and mental distress including anguish, discomfort, |
| 6 | | anxiety, stress, trouble sleeping, frustration, pain, depression and low sex drive. |
| 7 | 6.4 | Yes. |
| 8 | | (a)   Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209; |
| 9 | | (b)   Treatment for anxiety and depression; |
| 10 | | (c)   Plaintiff does not recall; |
| 11 | | (d)   Billing unascertained. |
| 12 | 6.5 | No. |
| 13 | 6.6 | No. |
| 14 | 6.7 | No. |
| 15 | **8.0** | **Loss of Income or Earning Capacity** |
| 16 | 8.1 | Yes. |
| 17 | 8.2 | (a)   Plaintiff filled customer order from tickets; packed product out for |
| 18 | | shipment via UPS and FEDEX; stocked products in and alpha and numeric |
| 19 | | by product line; |
| 20 | | (b)   Order Filler; |
| 21 | | (c)   February 26, 2001. |
| 22 | 8.3 | June 17, 2008. |
| 23 | 8.4 | Plaintiff has made a reasonable and good faith effort and is informed and believes |
| 24 | | approximately $2,400.00 a month, working 40 plus hours a week at an hourly |
| 25 | | wage of $18.42. |
| 26 | 8.5 | Plaintiff has not returned to work with Defendants because he was harassed, |
| 27 | | discriminated and retaliated against and wrongfully terminated. |
| 28 | 8.6 | June 17, 2008 to present. |

7

8.7     Plaintiff has made a reasonable and good faith effort and is informed and believes he has suffered a loss of income in excess of $104,945 and continuing, not including annual pay increases, vacation pay, overtime, holiday overtime, health insurance, bonuses, etc. Plaintiff calculates this amount by his monthly earnings of approximately $2,947.00, working 40 plus hours a week at an hourly wage of $18.42 for his employment with Defendant. If Plaintiff would not have been wrongfully terminated, he would have earned in excess of $104,945.00 from June 17, 2008 to present. These are the dates Plaintiff has been unemployed. Plaintiff contends that the above numbers are estimates only and are subject to expert testimony. Investigation and discovery are continuing. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

8.8     Objection. Calls for a speculation, a legal conclusion and expert opinion. Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort, yes.

(a)     Merriam-Webster's dictionary defines the word "future" as "expressive of time yet to come, existing or occurring at a later time." As of the date of these responses, Plaintiff is unemployed. Plaintiff has searched and has been searching for employment and it is unknown when Plaintiff will secure employment. Because it is unknown when Plaintiff will secure employment, he will continue to lose income both present and in the future up to an unknown date;

(b)     This amount is unknown and it is unknown when Plaintiff will secure employment;

(c)     This is unknown and it is unknown when Plaintiff will secure employment;

/ / /
/ / /
/ / /

1    (d) Plaintiff's claim for future loss of income would be calculated by using his

2       last known earnings from his employment with Defendant, multiplied by

3       the amount of time Plaintiff is unable to secure employment.  Investigation

4       and discovery are continuing.  Plaintiff reserves the right to amend this

5       response either before or during trial.  Discovery continues.

6 **9.0 Other Damages**

7   9.1 Yes.

8     (a) Plaintiff's vehicle was repossessed because he could no longer afford

9       making the payments;

10    (b) January 20, 2009;

11    (c) Approximately $16,995.86;

12    (d) Wells Fargo Financial, 3939 Atlantic Avenue, Suite 107, Long Beach, CA

13      90807 (562) 490-0812.

14   9.2 Yes.  Plaintiff has the Asset Acquisition Letter from Wells Fargo.

15 **10.0 Medical History**

16   10.1 No.

17   10.2 Ruptured left Achilles tendon.

18   10.3 No.

19 **11.0 Other Claims and Previous Claims**

20   11.1 No.

21   11.2 Yes.

22    (a) September 15, 2003 in the evening at S.P. Richards Company, 10235 San

23      Sevaine Way, Mira Loma, CA (951) 681-3804;

24    (b) S.P. Richards Company, 10235 San Sevaine Way, Mira Loma, CA

25      (951) 681-3804;

26    (c) Travelers Insurance, P.O. Box 6510, Diamond Bar, CA (800) 258-3710,

27      Claim #152-CB-ALU6456-F;

28    (d) Plaintiff does not recall;

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE

| | | |
|---|---|---|
| 1 | (e) | Lower back injury to L5; |
| 2 | (f) | Tri-Industrial Medical Center, 10427 San Sevaine Way, Suite J, Mira |
| 3 | | Loma, CA (951) 360-8333; Arrowback Medical Group, 900 E. |
| 4 | | Washington Street, Suite 100, Colton, CA (909) 433-3200; Deaza Surgery |
| 5 | | Center, 4444 Magnolia Avenue, Riverside, CA (951) 320-7799; |
| 6 | | Loma Linda University Health Care, 11370 Anderson Street, Loma Linda, |
| 7 | | CA (909) 558-6213; |
| 8 | (g) | 195813446391. |
| 9 | (a) | November 6, 2006 in the evening at S.P. Richards Company, 10235 San |
| 10 | | Sevaine Way, Mira Loma, CA (951) 681-3804; |
| 11 | (b) | S.P. Richards Company, 10235 San Sevaine Way, Mira Loma, CA (951) |
| 12 | | 681-3804; |
| 13 | (c) | Travelers Insurance, P.O. Box 6510, Diamond Bar, CA (800) 258-3710, |
| 14 | | Claim No. 221CBA-BL1976T; |
| 15 | (d) | Plaintiff does not recall; |
| 16 | (e) | Dislocated right ankle; |
| 17 | (f) | Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA |
| 18 | | 92503 (951) 637-2320; |
| 19 | (g) | LAO 0876248. |
| 20 | (a) | June 17, 2008 in the evening at S.P. Richards Company, 10235 San |
| 21 | | Sevaine Way, Mira Loma, CA (951) 681-3804; |
| 22 | (b) | S.P. Richards Company, 10235 San Sevaine Way, Mira Loma, CA (951) |
| 23 | | 681-3804; |
| 24 | (c) | Travelers Insurance, P.O. Box 6510, Diamond Bar, CA (800) 258-3710, |
| 25 | | Claim No. 221-CB-CBUC2488-J; |
| 26 | (d) | June 2008 to May 2009; |
| 27 | /// | |
| 28 | /// | |

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE

| | | | |
|---|---|---|---|
| 1 | | (e) | Ruptured left Achilles tendon; |
| 2 | | (f) | Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical |
| 3 | | | Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637- |
| 4 | | | 2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA |
| 5 | | | 92503 (909) 354-7270; |
| 6 | | (g) | Plaintiff does not recall. |

**12.0   Investigation - General**

| | | | |
|---|---|---|---|
| 8 | 12.1 | (a) | Discovery in this matter has just begun and is not yet complete.  However, |
| 9 | | | in the spirit of discovery and without waiving the aforementioned |
| 10 | | | objections, Plaintiff responds as follows with the information Plaintiff has |
| 11 | | | obtained to date and reserves the right to seek and to obtain additional |
| 12 | | | information.  Plaintiff has made a reasonable and good faith effort and is |
| 13 | | | informed and believes Defendants, and each of them; Robb Paggen, |
| 14 | | | Operations Manager at S.P. Richards Company, 10235 San Sevaine Way, |
| 15 | | | Mira Loma, CA (951) 681-3804; |
| 16 | | (b) | No; |
| 17 | | (c) | No. |
| 18 | | (d) | Discovery in this matter has just begun and is not yet complete.  However, |
| 19 | | | in the spirit of discovery and without waiving the aforementioned |
| 20 | | | objections, Plaintiff responds as follows with the information Plaintiff has |
| 21 | | | obtained to date and reserves the right to seek and to obtain additional |
| 22 | | | information.  Plaintiff has made a reasonable and good faith effort and is |
| 23 | | | informed and believes Defendants, and each of them; Robb Paggen, |
| 24 | | | Operations Manager at S.P. Richards Company, 10235 San Sevaine Way, |
| 25 | | | Mira Loma, CA (951) 681-3804; Gerald Sanders, 47 1st Street, Redlands, |
| 26 | | | CA 92373 (909) 798-2209; Jim Eddow, M.P.T. OCS and Bryn |
| 27 | | | Tavagllone, PTA, Rancho Physical Therapy, 10020  Indiana Avenue, Suite |
| 28 | | | 4, Riverside, CA 92503 (951) 637-2320. |

11

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE

1   12.2   No.

2   12.3   No.

3   12.4   No.

4   12.5   No.

5   12.6   No.

6   12.7   No.

7   **13.0   Investigation - Surveillance**

8   13.1   No.

9   13.2   No.

10  **14.0   Statutory or Regulatory Violations**

11  14.1   Defendants, and each of them, were in violation of California <u>Government Code</u>

12  § § 12940 et seq. and 12945.2 et seq.  This response is made without prejudice to

13  evidence discovered at a later date or to evidence and expert opinion on this issue

14  at trial.

15  **17.0   Responses to Request for Admissions**

16  17.1   Plaintiff response to Defendant's Request for Admission is an unqualified

17  admission.

18

19  DATED: June 8, 2011                    MANCINI & ASSOCIATES
                                           A Professional Law Corporation
20

21

22                        By: _Tara Licata_____
23                               TARA LICATA
                                 Attorneys for Plaintiff
24

25

26

27

28

VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing *Response to form Interrogatories Set one* and know its contents.

☑ CHECK APPLICABLE PARAGRAPHS

☑ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on *June 8, 2011*, at *Redlands*, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Serabano Edwards*
_____
Type or Print Name

_____
Signature

PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____, State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
♧ Plus                    Rev. 7/99

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                          ) ss.
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On June 10, 2011, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE** on the interested party or parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

David V. Greco, Esq.
CARLTON DiSANTE &
FREUDENBERGER LLP
707 Wilshire Blvd., Suite 5150
Los Angeles, CA 90017

Patricia E. Simon, Esq.
Lisa M. Szafranic, Esq.
MARTENSON, HASBROUCK & SIMON LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA   30326

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on June 10, 2011, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SHAWN JERVIS

1 | MARCUS A. MANCINI, ESQ. (State Bar No.146905)
CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2 | TARA LICATA, ESQ. (State Bar No. 266111)
**MANCINI & ASSOCIATES**
3 | A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
4 | Sherman Oaks, CA 91403

5 | (818) 783-5757   Phone
(818) 783-7710   Fax
6 |
Attorneys for Plaintiff **SERDANO EDWARDS**
7 |

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF RIVERSIDE**

10 |

11 | SERDANO EDWARDS,                          )        Case No. RIC1102250
                                           )
12 |              Plaintiff,                 )        **PLAINTIFF'S RESPONSE TO**
                                           )        **SPECIAL INTERROGATORIES**
13 |      *vs.*                              )
                                           )
14 | S.P. RICHARDS COMPANY WHICH WILL        )
DO BUSINESS IN CALIFORNIA AS               )
15 | GEORGIA S.P. RICHARDS COMPANY;          )
S.P. RICHARDS COMPANY; and DOES 1          )
16 | through 100, Inclusive,                 )
                                           )
17 |              Defendants.               )
                                           )
18 | _____)

19 |

20 | PROPOUNDING PARTY:   Defendant S.P. RICHARDS COMPANY

21 | RESPONDING PARTY:    Plaintiff SERDANO EDWARDS

22 | SET NO:              ONE (1)

23 | TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

24 |      COMES NOW the plaintiff, SERDANO EDWARDS, and pursuant to California Code of

25 | Civil Procedure §2030.010, responds to SPECIAL INTERROGATORIES, SET ONE,

26 | propounded by Defendant S.P. RICHARDS COMPANY as follows:

27 | / / /

28 | / / /

1

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement herein, if any interrogatory were a asked for or any statement contained herein was made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. This responding party is responding to all interrogatories to the extent that information has become known by it. However, this responding party's discovery and investigation in preparation for trial in this matter has not been completed as of the date of these responses to interrogatories, and, therefore, this responding party does not propose to state herein anything more than information presently known and discovery by it. This responding party reserves the right to continue discovery and investigation in this matter for facts, witnesses and supporting data that may recall information which, if fit had presently within its knowledge, would be included in these responses. Consequently, to the extent that the interrogatories herein ask for "all facts" or the name of "all persons" or the identity of "all documents", etc., they are responded to fully insofar as the information is presently available to the responding party. This responding party is not precluded from presenting at trial information discovered following the date of these responses. However, Plaintiff assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence discovered following the mailing of these responses. Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any interrogatory herein has been answered should not be taken as an admission, or acceptance, or that existence or any fact or facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence.

   It is assumed by the responding party that the propounding party and all parties to this lawsuit possess and are familiar with all the discovery proceedings in this action. Therefore, when an interrogatory calls for information which is contained in the discovery materials available to all parties, said interrogatory will be answer only be reference to those discovery

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES, SET ONE

1   materials.

2       This introductory statement is incorporated herein by reference to each of the answers as

3   it is stated in full.

4   **GENERAL OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

5       Plaintiff has not fully completed his investigation of the facts relating to this case, has not

6   fully completed his discovery in this action, and has not completed his preparation for trial.  All

7   responses contained herein are based only upon such information and documents that are

8   presently available to and specifically known to Plaintiff, and discloses on those contentions that

9   presently occur to Plaintiff.  It is anticipated that further discovery, independent investigation,

10  legal research and analysis of the documentary record will supply additional facts, add meaning

11  to the known facts, all of which may lead to substantial additions to, and changes in, the

12  responses herein set forth.

13      The following interrogatory responses given without prejudice to Plaintiff's right to

14  produce evidence of any substantially discovered fact or facts which Plaintiff may later develop.

15  Plaintiff accordingly reserves the right to change any and all answers herein as additional facts

16  are ascertained, analysis made, legal research conducted, and contentions are made, and after full

17  review of all documents produced in response to document requests.

18      Plaintiff objects generally to each and every Interrogatory to the extent that it seeks to

19  obtain information that is as readily available to Defendant and their counsel as to Plaintiff.

20      Plaintiff objects generally to each and every Interrogatory to the extent that it is vague,

21  ambiguous, overbroad, unduly burdensome, oppressive and compound.

22      The responses contained herein are made in good faith and in an effort to supply as much

23  factual information and as much specification of legal contentions as is presently known, but are

24  in no way to the prejudice of Plaintiff in relation to further discovery, research or analysis.

25  ///

26  ///

27  ///

28  ///

## PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. Calls for speculation and a legal conclusion. Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes Defendants, and each of them; Robb Paggen, Operations Manager at S.P. Richards Company, 10235 San Sevaine Way, Mira Loma, CA (951) 681-3804; Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Calls for speculation and a legal conclusion. Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes no. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 3:**

Objection.  Oppressive, overbroad, calls for speculation, a legal conclusion, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of Code of Civil Procedure §2030.060(f), seeks premature disclosure of expert opinion in violation of Code of Civil Procedure sections 2034.210, 2034.220 and 2034.270.  The interrogatory also seeks attorney work-product in violation Code of Civil Procedure sections 2018.020 and 2018.030.  Plaintiff has not decided on which, if any, lay witnesses, may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of Plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.  See South Tahoe Public Utilities District v. Superior Court (1979) 90 Cal.App.3d 135; Sheets v. Superior Court (1967) 257 Cal.App.2d 1; and Sanders v. Superior Court (1973) 34 Cal.App.3d 270.  Further, since this case is in the early stages of discovery, Plaintiff does not have personal knowledge sufficient to respond fully to this interrogatory.  Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes Defendants, and each of them; Robb Paggen, Operations Manager at S.P. Richards Company, 10235 San Sevaine Way, Mira Loma, CA (951) 681-3804; Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

/ / /

/ / /

/ / /

**RESPONSE TO INTERROGATORY NO. 4:**

Objection.  Oppressive, overbroad, calls for speculation, a legal conclusion, seeks premature disclosure of expert opinion in violation of <u>Code of Civil Procedure</u> sections 2034.210, 2034.220 and 2034.270.  The interrogatory also seeks attorney work-product in violation <u>Code of Civil Procedure</u> sections 2018.020 and 2018.030.  Plaintiff has not decided on which, if any, expert witnesses, may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of Plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.  See <u>South Tahoe Public Utilities District v. Superior Court</u> (1979) 90 Cal.App.3d 135; <u>Sheets v. Superior Court</u> (1967) 257 Cal.App.2d 1; and <u>Sanders v. Superior Court</u> (1973) 34 Cal.App.3d 270.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection.  Oppressive, overbroad, calls for speculation, a legal conclusion, seeks premature disclosure of expert opinion in violation of <u>Code of Civil Procedure</u> sections 2034.210, 2034.220 and 2034.270.  The interrogatory also seeks attorney work-product in violation <u>Code of Civil Procedure</u> sections 2018.020 and 2018.030.  Plaintiff has not decided on which, if any, expert witnesses, may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of Plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.  See <u>South Tahoe Public Utilities District v. Superior Court</u> (1979) 90 Cal.App.3d 135; <u>Sheets v. Superior Court</u> (1967) 257 Cal.App.2d 1; and <u>Sanders v. Superior Court</u> (1973) 34 Cal.App.3d 270.  Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes at this time, Plaintiff's medical records in the

1 possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

2 Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320 and

3 Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209; Plaintiff's December 30,

4 2008 Injury Status Report; Plaintiff's January 16, 2009 Injury Status Report; Plaintiff's February

5 27, 2009 Injury Status Report; Plaintiff's April 10, 2009 Injury Status Report; Plaintiff's May 22,

6 2009 Injury Status Report; Plaintiff's employment file in the possession, custody and control of

7 Defendants, and each of them; the May 4, 2009 letter to Plaintiff from Robb Paggen terminating

8 Plaintiff's Employment. This response is given without prejudice to the right of this responding

9 party to produce at the time of trial, or any other proceeding in this action, any and all

10 subsequently discovered evidence relating to the proof of presently known material facts and

11 contentions, and to produce all evidence whenever discovered relating to the proof of

12 subsequently discovered material facts and contentions, not evident at this time. Plaintiff

13 reserves the right to amend this response either before or during trial. Discovery continues.

14 **RESPONSE TO INTERROGATORY NO. 6:**

15      Objection. Calls for speculation, expert opinion, calls for a legal conclusion, seeks

16 information which is protected from disclosure by attorney-client and attorney work product

17 privilege. Further, this interrogatory contains subparts, or a compound, conjunctive, or

18 disjunctive question in violation of Code of Civil Procedure §2030.060(f). Without the waiver of

19 objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed

20 and believes he as suffered general and special damages, including pain and suffering, in an

21 unknown amount and subject to expert opinion and testimony; damages for attorneys fees and

22 costs which are privileged and protected from disclosure by attorney-client and attorney work

23 product privilege; damages for loss of income and earning capacity in excess of $104,945 and

24 continuing, not including annual pay increases, vacation pay, overtime, holiday overtime, health

25 insurance, bonuses, etc. Plaintiff calculates this amount by his monthly earnings of

26 approximately $2,947.00, working 40 plus hours a week at an hourly wage of $18.42 for his

27 employment with Defendant. If Plaintiff would not have been wrongfully terminated, he would

28 have earned in excess of $104,945.00 from June 17, 2008 to present; damages for future loss of

1  income which is unknown at this time and subject to expert opinion; damages for loss of

2  Plaintiff's vehicle due to being repossessed because he could no longer afford making the

3  payments in an amount in of approximately $16,995.86.  This response is given without

4  prejudice to the right of this responding party to produce at the time of trial, or any other

5  proceeding in this action, any and all subsequently discovered evidence relating to the proof of

6  presently known material facts and contentions, and to produce all evidence whenever discovered

7  relating to the proof of subsequently discovered material facts and contentions, not evident at this

8  time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery

9  continues.

10  **RESPONSE TO INTERROGATORY NO. 7:**

11         Objection.  Calls for speculation, expert opinion and a legal conclusion.  Further, this

12  interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation

13  of Code of Civil Procedure §2030.060(f).  Without the waiver of objections stated herein,

14  Plaintiff has made a reasonable and good faith effort and is informed and believes Jim Eddow,

15  M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020  Indiana Avenue,

16  Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite

17  2, Riverside, CA 92503 (909) 354-7270.  This response is given without prejudice to the right of

18  this responding party to produce at the time of trial, or any other proceeding in this action, any

19  and all subsequently discovered evidence relating to the proof of presently known material facts

20  and contentions, and to produce all evidence whenever discovered relating to the proof of

21  subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

22  reserves the right to amend this response either before or during trial.  Discovery continues.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1   **RESPONSE TO INTERROGATORY NO. 8:**

2        Objection.  Vague, ambiguous and overbroad as worded, calls for speculation, expert

3   opinion and a legal conclusion.  Further, this interrogatory contains subparts, or a compound,

4   conjunctive, or disjunctive question in violation of <u>Code of Civil Procedure</u> §2030.060(f).

5   Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith

6   effort and is informed and believes he underwent physical therapy with Jim Eddow, M.P.T. OCS

7   and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020  Indiana Avenue, Suite 4,

8   Riverside, CA 92503 (951) 637-2320.  Plaintiff received treatment and surgical procedures from

9   John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  John

10  Portwood, M.D. prescribed Plaintiff Ibuprofen and Vicodin for pain.  This response is given

11  without prejudice to the right of this responding party to produce at the time of trial, or any other

12  proceeding in this action, any and all subsequently discovered evidence relating to the proof of

13  presently known material facts and contentions, and to produce all evidence whenever discovered

14  relating to the proof of subsequently discovered material facts and contentions, not evident at this

15  time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery

16  continues.

17  **RESPONSE TO INTERROGATORY NO. 9:**

18       Objection. Calls for speculation, expert opinion and a legal conclusion.  Further, this

19  interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation

20  of <u>Code of Civil Procedure</u> §2030.060(f).  Without the waiver of objections stated herein,

21  Plaintiff has made a reasonable and good faith effort and is informed and believes Gerald

22  Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209 for treatment for anxiety and

23  depression.  This response is given without prejudice to the right of this responding party to

24  produce at the time of trial, or any other proceeding in this action, any and all subsequently

25  discovered evidence relating to the proof of presently known material facts and contentions, and

26  to produce all evidence whenever discovered relating to the proof of subsequently discovered

27  material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

28  response either before or during trial.  Discovery continues.

9

**RESPONSE TO INTERROGATORY NO. 10:**

    Objection.  Vague, ambiguous and overbroad as worded, calls for speculation, expert opinion and a legal conclusion.  Further, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of Code of Civil Procedure §2030.060(f).  Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes Gerald Sanders gave Plaintiff a depression test.  Plaintiff has not taken any medication for his emotional and mental distress.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

**RESPONSE TO INTERROGATORY NO. 11:**

    Objection.  Oppressive and unduly burdensome on the grounds that this interrogatory seeks information beyond a relevant period of time, calls for a legal conclusion and speculation.  Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes none exist.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. Oppressive and unduly burdensome on the grounds that this interrogatory seeks information beyond a relevant period of time, calls for a legal conclusion and speculation. Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and none that Plaintiff can recall. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. Calls for speculation, expert opinion, a legal conclusion, seeks information beyond a relevant period of time. Further, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of Code of Civil Procedure §2030.060(f). Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes none that Plaintiff can recall. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. Oppressive and unduly burdensome on the grounds that this interrogatory seeks information that is not relevant to the subject matter of this action, and not reasonably calculated to the discovery of admissible evidence. Further, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of <u>Code of Civil Procedure</u> §2030.060(f).

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. Calls for speculation and a legal conclusion. Further, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of <u>Code of Civil Procedure</u> §2030.060(f). Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes none that Plaintiff can recall. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. Calls for speculation, seeks information beyond a relevant period of time which is not relevant to the subject matter of this action, and not reasonably calculated to the discovery of admissible evidence. Further, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of <u>Code of Civil Procedure</u> §2030.060(f). Plaintiff further objects to this interrogatory as being oppressive and unduly burdensome on the grounds that all relevant information has been provided in response to No. 2.6 to Defendant's Form Interrogatories served concurrently. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of

1   subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

2   reserves the right to amend this response either before or during trial.  Discovery continues.

3   **RESPONSE TO INTERROGATORY NO. 17:**

4        Objection.  Oppressive and unduly burdensome on the grounds that this information is

5   beyond a relevant period of time, and calls for speculation.  Further, this interrogatory contains

6   subparts, or a compound, conjunctive, or disjunctive question in violation of Code of Civil

7   Procedure §2030.060(f).  Plaintiff was employed with Defendants from February 26, 2001 to

8   June 17, 2008 and Plaintiff did not search for during this time.  Without the waiver of objections

9   stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes

10  following his wrongful termination by Defendants, and each of them, Plaintiff posted his resumé

11  on careerbuilder.com, the County of Riverside website, County of Riverside website.  Plaintiff

12  applied for employment with Defendant S.P. Richards Company; Omnitrans, 1700 West Fifth

13  Street, San Bernardino, CA 92411 (909) 379-7100; The Home Depot, 1151 West Lugonia

14  Avenue, Redlands, CA (909) 748-0505; Uline Products, 2950 Jurupa Street, Ontario, CA 91761;

15  Kmart Distribution, 5600 East Airport Drive, Ontario, CA 91761 (909) 390-4515; 3M Products,

16  5151 East Philadelphia Street, Ontario, CA 91761 (909) 974-3000; Gate City Beverage

17  Distributors, 2505 Steele Street, San Bernardino, CA 92408 (909) 799-1600; Coca-Cola Bottling

18  Company, 10670 6th Street, Rancho Cucamongo, CA 90730 (909) 980-3121; Big 5 Sporting

19  Goods, 6125 Sycamore Canyon Blvd., Riverside, CA 92507 (951) 774-1600; Smart & Final,

20  2744 Canyon Springs Parkway, Riverside, CA (951) 413-6003.  This response is given without

21  prejudice to the right of this responding party to produce at the time of trial, or any other

22  proceeding in this action, any and all subsequently discovered evidence relating to the proof of

23  presently known material facts and contentions, and to produce all evidence whenever discovered

24  relating to the proof of subsequently discovered material facts and contentions, not evident at this

25  time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery

26  continues.

27  / / /

28  / / /

13

**RESPONSE TO INTERROGATORY NO. 18:**

Objection. Calls for speculation and a legal conclusion. Further, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of <u>Code of Civil Procedure</u> §2030.060(f). Plaintiff was employed with Defendants from February 26, 2001 to June 17, 2008. Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes he has received income from Unemployment in an amount of $728.00 per month from June 2009 to present; Workers' Compensation benefits in the amount of $971.20 every two week from June 2008 to May 2009. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection. Calls for speculation and a legal conclusion. Further, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive question in violation of <u>Code of Civil Procedure</u> §2030.060(f). Without the waiver of objections stated herein, Plaintiff has made a reasonable and good faith effort and is informed and believes he filed for unemployment on or about May 5, 2009 and has received income from Unemployment in an amount of $728.00 per month from June 2009 to present. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

/ / /

/ / /

14

1 | **RESPONSE TO INTERROGATORY NO. 20:**

2 |     Objection.  Oppressive and unduly burdensome on the grounds that this interrogatory is

3 | duplicative of interrogatory No. 19, above.

4 | **RESPONSE TO INTERROGATORY NO. 21:**

5 |     Objection.  Oppressive, unduly burdensome, calls for speculation and a legal conclusion.

6 | Plaintiff cannot possibly recall and identify each and every communications he has sent to or

7 | received from any current or former employee of Defendants, and each of them, from the time his

8 | employment began with Defendants to present.  Without the waiver of objections stated herein,

9 | Plaintiff has made a reasonable and good faith effort and is informed and believes he sent to

10 | Robb Paggen his December 30, 2008 Injury Status Report; January 16, 2009 Injury Status

11 | Report; February 27, 2009 Injury Status Report; April 10, 2009 Injury Status Report, and; May

12 | 22, 2009 Injury Status Report.  Plaintiff received from Robb Paggen a September 11, 2008 letter

13 | regarding Plaintiff's exhaustion of leave and May 4, 2009 letter to Plaintiff from Robb Paggen

14 | terminating Plaintiff's Employment.  Plaintiff also received and email February 20, 2010 from

15 | someone at Defendant S.P. Richards regarding Plaintiff's interest in becoming re-employed with

16 | Defendants.  This response is given without prejudice to the right of this responding party to

17 | produce at the time of trial, or any other proceeding in this action, any and all subsequently

18 | discovered evidence relating to the proof of presently known material facts and contentions, and

19 | to produce all evidence whenever discovered relating to the proof of subsequently discovered

20 | material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

21 | response either before or during trial.  Discovery continues.

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES, SET ONE

1    **RESPONSE TO INTERROGATORY NO. 22:**

2          Objection.  Calls for speculation and a legal conclusion.  Further, this interrogatory

3    contains subparts, or a compound, conjunctive, or disjunctive question in violation of Code of

4    Civil Procedure §2030.060(f).  Without the waiver of objections stated herein, Plaintiff has made

5    a reasonable and good faith effort and is informed and believes did not consult with anyone.

6    This response is given without prejudice to the right of this responding party to produce at the

7    time of trial, or any other proceeding in this action, any and all subsequently discovered evidence

8    relating to the proof of presently known material facts and contentions, and to produce all

9    evidence whenever discovered relating to the proof of subsequently discovered material facts and

10   contentions, not evident at this time.  Plaintiff reserves the right to amend this response either

11   before or during trial.  Discovery continues.

12

13   DATED: June 8, 2011                    MANCINI & ASSOCIATES
                                            A Professional Law Corporation
14

15

16                                   By: _____
                                         TARA LICATA
17                                       Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES, SET ONE

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing *Response to Special Interrogatories Set One* and know its contents.

☒ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ a _____ of _____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on *June 8, 2011* , at *Redlands* , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Seradano Edwards*
Type or Print Name                                      Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at _____ , California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                      _____
Type or Print Name                                      Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

1 PROOF OF SERVICE

2 STATE OF CALIFORNIA          )
                                                  )  ss.
3 COUNTY OF LOS ANGELES   )

4

5          I am employed in the County of Los Angeles, State of California.  I am over the

6 age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard,

7 Suite 600, Sherman Oaks, California 91403.

8

9          On June 10, 2011, I served the foregoing document described as **PLAINTIFF'S**

10 **RESPONSE TO SPECIAL INTERROGATORIES, SET ONE** on the interested party or

11 parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as

12 follows:

13 David V. Greco, Esq.
   CARLTON DiSANTE &
14 FREUDENBERGER LLP
   707 Wilshire Blvd., Suite 5150
15 Los Angeles, CA 90017

16 Patricia E. Simon, Esq.
   Lisa M. Szafranic, Esq.
17 MARTENSON, HASBROUCK & SIMON LLP
   3379 Peachtree Road, N.E., Suite 400
18 Atlanta, GA   30326

19          I caused such envelope with postage thereon fully prepaid to be placed in the

20 United States mail at Sherman Oaks, California.

21          Executed on June 10, 2011, at Sherman Oaks, California.

22          I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct.

24

25

26 SHAWN JERVIS

27

28

EXHiBiT D

1    CARLTON DiSANTE & FREUDENBERGER LLP
      David V. Greco, State Bar No. 224002
2    707 Wilshire Boulevard
     Suite 5150
3    Los Angeles, California 90017
     Telephone:  (213) 612-6300
4    Facsimile:  (213) 612-6301
5    E-Mail: dgreco@cdflaborlaw.com

6    MARTENSON, HASBROUCK & SIMON LLP
      Patricia E. Simon, Esq. (George Bar No. 618233)
7     Lisa M. Szafranic, Esq. (George Bar No. 532495)
8    3379 Peachtree Road, N.E., Suite 400
     Atlanta, Georgia 30326
9    Telephone:  (404) 909-8100
     Facsimile: (404) 909-8120
10   E-Mail: pesimon@martensonlaw.com
     E-Mail: lmszafranic@martensonlaw.com
11

12   *Attorneys for Defendant S.P. Richards Company*

13         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14            **FOR THE COUNTY OF RIVERSIDE**

15   SERDANO EDWARDS,            )   Case No. RIC1102250
                            )
16         Plaintiff,         )   **DEFENDANT S.P. RICHARDS**
                            )   **COMPANY'S ANSWER TO**
17      v.                  )   **PLAINTIFF'S COMPLAINT FOR**
                            )   **DAMAGES**
18   S.P. RICHARDS COMPANY WHICH WILL  )
     DO BUSINESS IN CALIFORNIA AS      )
19   GEORGIA S.P. RICHARDS COMPANY; S.P. )
     RICHARDS COMPANY; and DOES 1-100,   )
20   inclusive,                    )
                            )
21         Defendants.       )   Action Filed:  February 14, 2011
                            )
22

23

24

25

26

27

28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
APR 08 2011
A. Sanchez

420330

DEFENDANT'S ANSWER TO COMPLAINT

```
**********************************************************************
*             Superior Court of California, County of Riverside     *
*                    www.riverside.courts.ca.gov                    *
*                         Riverside Branch                          *
*--------------------------------------------------------------------*
*                                                                    *
*  Receipt # 201104080341      Oper: RCABS           Date:  4/08/11  *
*                                                                    *
*  Case #    RIC1102250    Case Type: RIVERSIDE CIVIL               *
*                                                                    *
*  Name: EDWARDS VS. S.P. RICHARDS COMPANY                           *
*                                          Appearance Fee            *
*  Payment Type: CHECK                                               *
*                                                                    *
* Received:          $410.00                                         *
*        Fee :       $410.00                                         *
* Change:              $0.00                                         *
*                                                                    *
*--------------------------------------------------------------------*
```

1 | CARLTON DiSANTE & FREUDENBERGER LLP
      David V. Greco, State Bar No. 224002
2 | 707 Wilshire Boulevard
    Suite 5150
3 | Los Angeles, California 90017
    Telephone: (213) 612-6300
4 | Facsimile: (213) 612-6301
5 | E-Mail: dgreco@cdflaborlaw.com

6 | MARTENSON, HASBROUCK & SIMON LLP
      Patricia E. Simon, Esq. (George Bar No. 618233)
7 |   Lisa M. Szafranic, Esq. (George Bar No. 532495)
8 | 3379 Peachtree Road, N.E., Suite 400
    Atlanta, Georgia 30326
9 | Telephone: (404) 909-8100
    Facsimile: (404) 909-8120
10 | E-Mail: pesimon@martensonlaw.com
     E-Mail: lmszafranic@martensonlaw.com
11 |

12 | *Attorneys for Defendant S.P. Richards Company*

13 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14 | **FOR THE COUNTY OF RIVERSIDE**

15 | SERDANO EDWARDS,                                  )  Case No. RIC1102250
                                                        )
16 |              Plaintiff,                            )  **DEFENDANT S.P. RICHARDS**
                                                        )  **COMPANY'S ANSWER TO**
17 |      v.                                            )  **PLAINTIFF'S COMPLAINT FOR**
                                                        )  **DAMAGES**
18 | S.P. RICHARDS COMPANY WHICH WILL                   )
     DO BUSINESS IN CALIFORNIA AS                       )
19 | GEORGIA S.P. RICHARDS COMPANY; S.P.                )
     RICHARDS COMPANY; and DOES 1-100,                  )
20 | inclusive,                                         )
                                                        )
21 |              Defendants.                           )  Action Filed:  February 14, 2011
                                                        )

22 |

23 |

24 |

25 |

26 |

27 |

28 |

420330

1     Defendant S.P. Richards Company, improperly identified in the caption as "Georgia S.P.

2  Richards Company", ("Defendant" or "SPR"), answers the Plaintiff Serdano Edwards's Complaint for

3  Damages ("Complaint") as follows:

4                       **I. GENERAL DENIAL**

5     Pursuant to the applicable provisions of Section 431.30 of the California Code of Civil

6  Procedure, Defendant generally denies each and every material allegation set forth in Plaintiff's

7  Complaint and specifically denies that Plaintiff has been damaged in any amount, sum or manner

8  whatsoever as a result of any conduct of Defendant or its agents.

9              **II. AFFIRMATIVE DEFENSES**

10     Defendant has not completed its investigation into the facts of this case, has not completed

11  discovery in this matter, and has not completed preparation for trial.  Defendant specifically

12  reserves the right to modify, amend, or supplement any affirmative defense contained herein at any

13  time.

14     Without conceding that it bears the burden of proof or persuasion as to any one of them, as

15  separate and distinct affirmative defenses to Plaintiff's causes of action, Defendant alleges as

16  follows:

17                     **FIRST DEFENSE**

18     This Court lacks subject matter jurisdiction over Plaintiff's claims asserted under California

19  Government Code §§ 12900 *et seq.*, to the extent that Plaintiff failed to exhaust the jurisdictional

20  prerequisites for commencing a suit under these laws.

21                  **SECOND DEFENSE**

22     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Charge(s) of

23  Discrimination were not timely filed.  To the extent any alleged unlawful employment action(s)

24  occurred outside the statutory time period, those allegations are time barred.

25                  **THIRD DEFENSE**

26     Plaintiff's Complaint is barred to the extent that issues were raised therein that were not

27  raised in the Plaintiff's Charge(s) of Discrimination; therefore, Plaintiff has failed to exhaust his

28  administrative remedies.

DEFENDANT'S ANSWER TO COMPLAINT

420330

### FOURTH DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not an individual with a "physical disability," "mental disability" or "medical condition", nor is he "qualified" as defined by California Government Code §§ 12940 *et seq.* and/or other applicable law.

### SIXTH DEFENSE

Plaintiff's Complaint is properly dismissed because Plaintiff failed to satisfy necessary prerequisites to qualify for leave under the California Family Rights Act (hereinafter "CFRA"), California Government Code §§ 12945.2 *et seq.* at the time in question.

### SEVENTH DEFENSE

Plaintiff's Complaint is properly dismissed because Plaintiff was not qualified for leave at the time in question, was not absent for a qualified leave under the CFRA and/or exhausted all available CFRA leave at the time in question.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the avoidable consequences doctrine because (1) the Defendants took reasonable steps to prevent and correct workplace harassment; (2) the Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided; and (3) the reasonable use of Defendant's procedures would have prevented the alleged harm that Plaintiff suffered.

### NINTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unreasonable failure to take advantage of corrective opportunities offered by her employer, which at all times took reasonable care to prevent harassment.

### TENTH DEFENSE

The decisions and/or actions challenged as retaliatory in the Complaint would have been undertaken even if Plaintiff had not been in a protected class.

DEFENDANT'S ANSWER TO COMPLAINT

420330

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all relevant actions taken by Defendant were based on business reality/necessity and said actions were necessary in that all actions were linked to business realities/necessities.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all actions taken by Defendant with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations including, but not limited to, California Government Code § 12960 and California Code of Civil Procedure §§ 335.1 or 340.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel, and/or waiver.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

## SEVENTEENTH DEFENSE

Plaintiff's claims in whole or in part are barred by the doctrine of impossibility of performance not caused by or a result of a violation of law.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, because the losses, if any, purportedly suffered by Plaintiff, were caused, if at all, by factors unrelated to any conduct or lack thereof on the part of Defendant.

///

DEFENDANT'S ANSWER TO COMPLAINT

420330

## NINETEENTH DEFENSE

Plaintiff's Complaint has failed to state a claim upon which relief may be granted for punitive damages under California Government Code § 12940 *et seq.*, § 12945.2 *et seq.*, California Labor Code §§ 226 and/or any other law.

## TWENTIETH DEFENSE

Plaintiff is not entitled to recover any punitive damages as prayed for in the Complaint on the grounds that any award of exemplary or punitive damages under California law in general and/or any such award under California law as applied to the facts of this specific action would violate the constitutional rights of the answering Defendant under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to recover punitive damages from the answering Defendant for the alleged acts alleged in the Complaint on the grounds that none of Defendant's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed said acts, nor did Defendant employ said employees with a conscious disregard of the rights or safety of others.

## TWENTY-SECOND DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, No. 05-1256 (U.S. Feb. 20, 2007).

## TWENTY-THIRD DEFENSE

Plaintiff's claims are preempted, in whole or in part, by the exclusivity of remedies provided under California's workers' compensation statute.

DEFENDANT'S ANSWER TO COMPLAINT

420330

## TWENTY-FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted because some or all of the damages claimed by Plaintiff were brought about by reason of Plaintiff's own acts, actions, inactions or negligence.

## TWENTY-FIFTH DEFENSE

Defendant's actions with respect to the subject matters in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, fair, and justified means to further the sole purpose of Defendant to engage in and continue its lawful business activities.

## TWENTY-SIXTH DEFENSE

Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, as at the time of the alleged events set forth in Plaintiff's Complaint, Defendant had in place policies against the conduct alleged and Plaintiff failed to avail himself of the remedial measures therein.

## TWENTY-SEVENTH DEFENSE

Plaintiff's Complaint, in whole or in part, does not allege facts sufficient to support claims for violation of the laws cited therein.

## TWENTY-EIGHTH DEFENSE

Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate any alleged damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant is entitled to a set-off for any interim earnings, benefits or other income.

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that might be applicable to the within action. Accordingly, the right to assert additional defenses as they become known during discovery, and to amend Defendant's Answer accordingly, is hereby reserved.

///

///

DEFENDANT'S ANSWER TO COMPLAINT

420330

## **PRAYER FOR RELIEF**

WHEREFORE, having answered the Complaint, Defendant prays that:

1.   Plaintiff's Complaint be dismissed in its entirety with prejudice,

2.   judgment be entered in favor of Defendant,

3.   costs, including attorney fees, be awarded to Defendant, and

4.   such other and further relief as the Court deems just and proper be granted to Defendant.

Dated:  April 8, 2011                               **CARLTON DiSANTE & FREUDENBERGER LLP**

By: _____
    David V. Greco

-and-

Patricia E. Simon, Esq.
Lisa M. Szafranic, Esq.
**MARTENSON, HASBROUCK & SIMON LLP**

*Attorneys for Defendant S.P. Richards Company*

7

420330

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is: 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 8, 2011, I served upon the interested party(ies) in this action the following document described as: **DEFENDANT S.P. RICHARDS COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

Marcus A. Mancini, Esq.
Christopher Barnes, Esq.
Tara Licata, Esq.
**Mancini & Associates**
15303 Ventura Boulevard
Suite 600
Sherman Oaks, CA 91403

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 8, 2011, at Los Angeles, California.

_____
Julie Kim
(Type or print name)

_____
(Signature)

8

DEFENDANT'S ANSWER TO COMPLAINT

420330

EXHIBIT E

1  MARCUS A. MANCINI, ESQ. (State Bar No.146905)
   CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2  TARA LICATA, ESQ. (State Bar No. 266111)
   **MANCINI & ASSOCIATES**
3  A Professional Law Corporation
   15303 Ventura Boulevard, Suite 600
4  Sherman Oaks, CA 91403

5  (818) 783-5757  Phone
   (818) 783-7710  Fax
6
   Attorneys for Plaintiff **SERDANO EDWARDS**
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF RIVERSIDE**

10

11  SERDANO EDWARDS,                    )    Case No.  RIC1102250
                                        )
12            Plaintiff,                )    **PLAINTIFF'S RESPONSE TO**
                                        )    **REQUEST FOR PRODUCTION OF**
13        vs.                           )    **DOCUMENTS**
                                        )
14  S.P. RICHARDS COMPANY WHICH WILL    )
    DO BUSINESS IN CALIFORNIA AS        )
15  GEORGIA S.P. RICHARDS COMPANY;      )
    S.P. RICHARDS COMPANY; and DOES 1   )
16  through 100, Inclusive,             )
                                        )
17            Defendants.               )
                                        )
18  _____)

19

20  PROPOUNDING PARTY:    Defendant S.P. RICHARDS COMPANY

21  RESPONDING PARTY:     Plaintiff SERDANO EDWARDS

22  SET NO:               ONE (1)

23  TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

24       COMES NOW the plaintiff, SERDANO EDWARDS, and pursuant to California Code of

25  Civil Procedure §2031.010, responds to REQUEST FOR PRODUCTION OF DOCUMENTS,

26  SET ONE, propounded by Defendant S.P. RICHARDS COMPANY as follows:

27  / / /

28  / / /

                                        1
_____
     **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

## PRELIMINARY STATEMENT

The following Responses are made solely for the purpose of this action. All objections and grounds are reserved and may be interposed at the time of trial.

This Responding Party has not yet completed its investigation of the facts relating to this action, and has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the right to produce, at the time of trial, any and all subsequently discovered evidence pertaining to the proof of presently known material facts, and to produce all evidence, when discovered, relating to the proof of subsequently discovered material facts. Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied nor should be inferred. This Preliminary Statement is, by this reference, incorporated into each and every one of the following Responses to each Production Request.

## GENERAL OBJECTIONS

The following general objections apply to each Request in Defendant's Request for Production of Documents in addition to any objections that are addressed to particular Requests.

Plaintiff objects generally to each and every Request set forth in Defendant's Request for Production of Documents to the extent that those Requests seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any applicable statutory or common law privilege. No such information will be provided.

Plaintiff objects generally to each and every Request set forth in Defendant's Request for Production of Documents to the extent that those Requests seek information not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence as required by the California Code of Civil Procedure.

Plaintiff objects generally to Defendant's Request for Production of Documents to the extent that it seeks to obtain information that is as readily available to Defendant and their counsel as to Plaintiff.

///

2

1        Plaintiff objects generally to Defendant's Request for Production of Documents to the

2 extent the Requests seek information not within the possession, custody and control of Plaintiff.

3        Plaintiff objects generally to each Request to the extent that it is vague,  ambiguous and

4 unintelligible , and requires Plaintiff to speculate as to Defendant's intended meaning.

5        Plaintiff objects generally to Defendant's Request for Production of Documents to the

6 extent the Requests contained within therein are overly broad, unduly burdensome and

7 oppressive.

8        Plaintiff objects generally to each and every Request to the extent the Requests seek

9 information that is not reasonably limited in scope or in time.

10        Plaintiff objects to producing documents at the office of Defendant's counsel at the date

11 and time specified.  Plaintiff will produce documents at a mutually agreeable date and time, and

12 Plaintiff reserves the right to produce its documents at the location where they are maintained.

13        Plaintiff objects to the instructions set forth in Defendant's Request for Production of

14 Documents to the extent they purport to alter Plaintiff's obligations under the California Code of

15 Civil Procedure.  Plaintiff will comply with the California Code of Civil Procedure.

16        **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION**

17 1.       Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

18       waiver of the general and specific objections stated herein, after making a diligent search,

19       reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

20       all documents in Plaintiff's possession, custody and control responsive to this request as

21       Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

22       possession, custody and control of Defendants, and his medical records in the possession,

23       custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-

24       2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy,

25       10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood,

26       M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response

27       is given without prejudice to the right of this responding party to produce at the time of

28       trial, or any other proceeding in this action, any and all subsequently discovered evidence

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1   relating to the proof of presently known material facts and contentions, and to produce all

2   evidence whenever discovered relating to the proof of subsequently discovered material

3   facts and contentions, not evident at this time. Plaintiff reserves the right to amend this

4   response either before or during trial. Discovery continues.

5   2.    Objection. Calls for speculation, expert opinion and a legal conclusion. Without the

6        waiver of the general and specific objections stated herein, after making a diligent search,

7        reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

8        all documents in Plaintiff's possession, custody and control responsive to this request as

9        Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the

10       possession, custody and control of Defendants. This response is given without prejudice

11       to the right of this responding party to produce at the time of trial, or any other proceeding

12       in this action, any and all subsequently discovered evidence relating to the proof of

13       presently known material facts and contentions, and to produce all evidence whenever

14       discovered relating to the proof of subsequently discovered material facts and

15       contentions, not evident at this time. Plaintiff reserves the right to amend this response

16       either before or during trial. Discovery continues.

17   3.    Objection. Calls for speculation, expert opinion and a legal conclusion. Without the

18       waiver of the general and specific objections stated herein, after making a diligent search,

19       reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

20       all documents in Plaintiff's possession, custody and control responsive to this request as

21       Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the

22       possession, custody and control of Defendants. This response is given without prejudice

23       to the right of this responding party to produce at the time of trial, or any other proceeding

24       in this action, any and all subsequently discovered evidence relating to the proof of

25       presently known material facts and contentions, and to produce all evidence whenever

26       discovered relating to the proof of subsequently discovered material facts and

27       contentions, not evident at this time. Plaintiff reserves the right to amend this response

28       either before or during trial. Discovery continues.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

4.      Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

5.      Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the possession, custody and control of Defendants.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

/ / /

/ / /

/ / /

/ / /

/ / /

5

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

6.    Objection. Calls for speculation. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

7.    Objection. Calls for speculation, expert opinion and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

///

6

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

8.     Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

9.     Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1    and contentions, and to produce all evidence whenever discovered relating to the proof of

2    subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

3    reserves the right to amend this response either before or during trial.  Discovery

4    continues.

5    10.    Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

6            waiver of the general and specific objections stated herein, after making a diligent search,

7            reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

8            all documents in Plaintiff's possession, custody and control responsive to this request as

9            Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

10           possession, custody and control of Defendants, and his medical records in the possession,

11           custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

12           Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

13           John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

14           7270.  This response is given without prejudice to the right of this responding party to

15           produce at the time of trial, or any other proceeding in this action, any and all

16           subsequently discovered evidence relating to the proof of presently known material facts

17           and contentions, and to produce all evidence whenever discovered relating to the proof of

18           subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

19           reserves the right to amend this response either before or during trial.  Discovery

20           continues.

21   11.    Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

22           waiver of the general and specific objections stated herein, after making a diligent search,

23           reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

24           all documents in Plaintiff's possession, custody and control responsive to this request as

25           Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

26           possession, custody and control of Defendants, and his medical records in the possession,

27           custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

28           Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

8

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1   John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

2   7270.  This response is given without prejudice to the right of this responding party to

3   produce at the time of trial, or any other proceeding in this action, any and all

4   subsequently discovered evidence relating to the proof of presently known material facts

5   and contentions, and to produce all evidence whenever discovered relating to the proof of

6   subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

7   reserves the right to amend this response either before or during trial.  Discovery

8   continues.

9   12.   Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

10   waiver of the general and specific objections stated herein, after making a diligent search,

11   reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

12   all documents in Plaintiff's possession, custody and control responsive to this request as

13   Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

14   possession, custody and control of Defendants, and his medical records in the possession,

15   custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

16   Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

17   John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

18   7270.  This response is given without prejudice to the right of this responding party to

19   produce at the time of trial, or any other proceeding in this action, any and all

20   subsequently discovered evidence relating to the proof of presently known material facts

21   and contentions, and to produce all evidence whenever discovered relating to the proof of

22   subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

23   reserves the right to amend this response either before or during trial.  Discovery

24   continues.

25   ///

26   ///

27   ///

28   ///

9

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

13.    Objection. Calls for speculation, expert opinion and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

14.    Objection. Calls for speculation, expert opinion and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1   and contentions, and to produce all evidence whenever discovered relating to the proof of

2   subsequently discovered material facts and contentions, not evident at this time. Plaintiff

3   reserves the right to amend this response either before or during trial. Discovery

4   continues.

5   15.   Objection. Calls for speculation, expert opinion and a legal conclusion. Without the

6   waiver of the general and specific objections stated herein, after making a diligent search,

7   reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

8   all documents in Plaintiff's possession, custody and control responsive to this request as

9   Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the

10   possession, custody and control of Defendants, and his medical records in the possession,

11   custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

12   Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

13   John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

14   7270. This response is given without prejudice to the right of this responding party to

15   produce at the time of trial, or any other proceeding in this action, any and all

16   subsequently discovered evidence relating to the proof of presently known material facts

17   and contentions, and to produce all evidence whenever discovered relating to the proof of

18   subsequently discovered material facts and contentions, not evident at this time. Plaintiff

19   reserves the right to amend this response either before or during trial. Discovery

20   continues.

21   16.   Objection. Calls for speculation, expert opinion and a legal conclusion. Without the

22   waiver of the general and specific objections stated herein, after making a diligent search,

23   reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

24   all documents in Plaintiff's possession, custody and control responsive to this request as

25   Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the

26   possession, custody and control of Defendants, and his medical records in the possession,

27   custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

28   Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

11

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1   John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

2   7270.  This response is given without prejudice to the right of this responding party to

3   produce at the time of trial, or any other proceeding in this action, any and all

4   subsequently discovered evidence relating to the proof of presently known material facts

5   and contentions, and to produce all evidence whenever discovered relating to the proof of

6   subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

7   reserves the right to amend this response either before or during trial.  Discovery

8   continues.

9   17.   Objection.  Calls for speculation and a legal conclusion.  Without the waiver of the

10   general and specific objections stated herein, after making a diligent search, reasonable

11   effort and inquiry in an effort to comply with this request, Plaintiff is unable to produce

12   any documents at this time, because Plaintiff has no documents.  This response is given

13   without prejudice to the right of this responding party to produce at the time of trial, or

14   any other proceeding in this action, any and all subsequently discovered evidence relating

15   to the proof of presently known material facts and contentions, and to produce all

16   evidence whenever discovered relating to the proof of subsequently discovered material

17   facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

18   response either before or during trial.  Discovery continues.

19   18.   Objection.  Calls for speculation and a legal conclusion.  Without the waiver of the

20   general and specific objections stated herein, after making a diligent search, reasonable

21   effort and inquiry in an effort to comply with this request, Plaintiff is unable to produce

22   any documents at this time, because Plaintiff has no documents.  This response is given

23   without prejudice to the right of this responding party to produce at the time of trial, or

24   any other proceeding in this action, any and all subsequently discovered evidence relating

25   to the proof of presently known material facts and contentions, and to produce all

26   evidence whenever discovered relating to the proof of subsequently discovered material

27   facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

28   response either before or during trial.  Discovery continues.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

19.   Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

20.   Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts

13

PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

1    and contentions, and to produce all evidence whenever discovered relating to the proof of

2    subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

3    reserves the right to amend this response either before or during trial.  Discovery

4    continues.

5  21.  Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

6    waiver of the general and specific objections stated herein, after making a diligent search,

7    reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

8    all documents in Plaintiff's possession, custody and control responsive to this request as

9    Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

10    possession, custody and control of Defendants, and his medical records in the possession,

11    custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

12    Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

13    John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

14    7270.  This response is given without prejudice to the right of this responding party to

15    produce at the time of trial, or any other proceeding in this action, any and all

16    subsequently discovered evidence relating to the proof of presently known material facts

17    and contentions, and to produce all evidence whenever discovered relating to the proof of

18    subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

19    reserves the right to amend this response either before or during trial.  Discovery

20    continues.

21  22.  Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

22    waiver of the general and specific objections stated herein, after making a diligent search,

23    reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

24    all documents in Plaintiff's possession, custody and control responsive to this request as

25    Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

26    possession, custody and control of Defendants, and his medical records in the possession,

27    custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

28    Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1    John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

2    7270.  This response is given without prejudice to the right of this responding party to

3    produce at the time of trial, or any other proceeding in this action, any and all

4    subsequently discovered evidence relating to the proof of presently known material facts

5    and contentions, and to produce all evidence whenever discovered relating to the proof of

6    subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

7    reserves the right to amend this response either before or during trial.  Discovery

8    continues.

9    23.    Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

10          waiver of the general and specific objections stated herein, after making a diligent search,

11          reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

12          all documents in Plaintiff's possession, custody and control responsive to this request as

13          Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

14          possession, custody and control of Defendants, and his medical records in the possession,

15          custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

16          Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

17          John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

18          7270.  This response is given without prejudice to the right of this responding party to

19          produce at the time of trial, or any other proceeding in this action, any and all

20          subsequently discovered evidence relating to the proof of presently known material facts

21          and contentions, and to produce all evidence whenever discovered relating to the proof of

22          subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

23          reserves the right to amend this response either before or during trial.  Discovery

24          continues.

25    / / /

26    / / /

27    / / /

28    / / /

15

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

24.   Objection. Calls for speculation, expert opinion and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

25.   Objection. Calls for speculation, expert opinion and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts

16

PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

1    and contentions, and to produce all evidence whenever discovered relating to the proof of

2    subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

3    reserves the right to amend this response either before or during trial.  Discovery

4    continues.

5    26.    Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

6          waiver of the general and specific objections stated herein, after making a diligent search,

7          reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

8          all documents in Plaintiff's possession, custody and control responsive to this request as

9          Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

10         possession, custody and control of Defendants, and his medical records in the possession,

11         custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho

12         Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320;

13         John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-

14         7270.  This response is given without prejudice to the right of this responding party to

15         produce at the time of trial, or any other proceeding in this action, any and all

16         subsequently discovered evidence relating to the proof of presently known material facts

17         and contentions, and to produce all evidence whenever discovered relating to the proof of

18         subsequently discovered material facts and contentions, not evident at this time.  Plaintiff

19         reserves the right to amend this response either before or during trial.  Discovery

20         continues.

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

---

17

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

27.   Objection. Calls for speculation, expert opinion and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

28.   Objection. Calls for speculation. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "B" attached hereto. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

///

18

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

29.     Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

waiver of the general and specific objections stated herein, after making a diligent search,

reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

all documents in Plaintiff's possession, custody and control responsive to this request as

Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

possession, custody and control of Defendants, and his medical records in the possession,

custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-

2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy,

10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood,

M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response

is given without prejudice to the right of this responding party to produce at the time of

trial, or any other proceeding in this action, any and all subsequently discovered evidence

relating to the proof of presently known material facts and contentions, and to produce all

evidence whenever discovered relating to the proof of subsequently discovered material

facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

response either before or during trial.  Discovery continues.

30.     Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the

waiver of the general and specific objections stated herein, after making a diligent search,

reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces

all documents in Plaintiff's possession, custody and control responsive to this request as

Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the

possession, custody and control of Defendants, and his medical records in the possession,

custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-

2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy,

10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood,

M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response

is given without prejudice to the right of this responding party to produce at the time of

trial, or any other proceeding in this action, any and all subsequently discovered evidence

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

relating to the proof of presently known material facts and contentions, and to produce all
evidence whenever discovered relating to the proof of subsequently discovered material
facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this
response either before or during trial.  Discovery continues.

31.   Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the
waiver of the general and specific objections stated herein, after making a diligent search,
reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces
all documents in Plaintiff's possession, custody and control responsive to this request as
Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the
possession, custody and control of Defendants, and his medical records in the possession,
custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-
2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy,
10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood,
M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response
is given without prejudice to the right of this responding party to produce at the time of
trial, or any other proceeding in this action, any and all subsequently discovered evidence
relating to the proof of presently known material facts and contentions, and to produce all
evidence whenever discovered relating to the proof of subsequently discovered material
facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this
response either before or during trial.  Discovery continues.

32.   Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the
waiver of the general and specific objections stated herein, after making a diligent search,
reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces
all documents in Plaintiff's possession, custody and control responsive to this request as
Exhibit "A" attached hereto.  Plaintiff further identifies his employment file in the
possession, custody and control of Defendants, and his medical records in the possession,
custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-
2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy,

20

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1    10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood,

2    M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response

3    is given without prejudice to the right of this responding party to produce at the time of

4    trial, or any other proceeding in this action, any and all subsequently discovered evidence

5    relating to the proof of presently known material facts and contentions, and to produce all

6    evidence whenever discovered relating to the proof of subsequently discovered material

7    facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

8    response either before or during trial.  Discovery continues.

9    33.    Objection.  Oppressive, unduly burdensome, premature, calls for speculation and a legal

10    conclusion.  Without the waiver of the general and specific objections stated herein, after

11    making a diligent search, reasonable effort and inquiry in an effort to comply with this

12    request, Plaintiff is unable to comply because none exist at this time.  This response is

13    given without prejudice to the right of this responding party to produce at the time of trial,

14    or any other proceeding in this action, any and all subsequently discovered evidence

15    relating to the proof of presently known material facts and contentions, and to produce all

16    evidence whenever discovered relating to the proof of subsequently discovered material

17    facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

18    response either before or during trial.  Discovery continues.

19    34.    Objection.  Oppressive, unduly burdensome, premature, calls for speculation and a legal

20    conclusion.  Without the waiver of the general and specific objections stated herein, after

21    making a diligent search, reasonable effort and inquiry in an effort to comply with this

22    request, Plaintiff is unable to comply because none exist at this time.  This response is

23    given without prejudice to the right of this responding party to produce at the time of trial,

24    or any other proceeding in this action, any and all subsequently discovered evidence

25    relating to the proof of presently known material facts and contentions, and to produce all

26    evidence whenever discovered relating to the proof of subsequently discovered material

27    facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this

28    response either before or during trial.  Discovery continues.

21

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

35. Objection. Calls for speculation, expert opinion and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. Plaintiff further identifies his employment file in the possession, custody and control of Defendants, and his medical records in the possession, custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

36. Objection. Oppressive, unduly burdensome on the grounds that this request seeks documents beyond a relevant period of time, seeks documents not relevant to the subject matter of this action and not reasonably calculated to the discovery of admissible evidence. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff is unable to comply because no relevant documents exist. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

37.   Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto.  Plaintiff further identifies his medical records in the possession, custody and control of Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical Therapy, 10020 Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

38.   Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff is unable to comply because Plaintiff has no documents.  Plaintiff further identifies his medical records in the possession, custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373 (909) 798-2209.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial.  Discovery continues.

/ / /

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

39.     Objection.  Oppressive, unduly burdensome on the grounds that this request seeks documents beyond a relevant period of time, calls for speculation and a legal conclusion.

40.     Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "C" attached hereto.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

41.     Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "B" attached hereto.  This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time.  Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

/ / /

/ / /

/ / /

/ / /

/ / /

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

42. Objection. Calls for speculation. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces all documents in Plaintiff's possession, custody and control responsive to this request as Exhibit "A" attached hereto. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

43. Objection. Oppressive and unduly burdensome on the grounds that this is an improper use of document demands pursuant to California Code of Civil Procedure §2031.010.

44. Objection. Calls for speculation and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff is unable to comply because no documents exist. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

/ / /

/ / /

/ / /

/ / /

/ / /

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

45. Objection. Oppressive and unduly burdensome on the grounds that this request seek documents not relevant to the subject matter of this action and not reasonably calculated to the discovery of admissible evidence.

46. Objection. Calls for speculation and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff is unable to comply because no documents exist. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

47. Objection. Calls for speculation and a legal conclusion. Without the waiver of the general and specific objections stated herein, after making a diligent search, reasonable effort and inquiry in an effort to comply with this request, Plaintiff is unable to comply because has no documents. This response is given without prejudice to the right of this responding party to produce at the time of trial, or any other proceeding in this action, any and all subsequently discovered evidence relating to the proof of presently known material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

/ / /

/ / /

/ / /

/ / /

/ / /

26

PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

48.     Objection.  Calls for speculation, expert opinion and a legal conclusion.  Without the
waiver of the general and specific objections stated herein, after making a diligent search,
reasonable effort and inquiry in an effort to comply with this request, Plaintiff produces
all documents in Plaintiff's possession, custody and control responsive to this request as
Exhibits "A" and "C" attached hereto.  Plaintiff further identifies his medical records in
the possession, custody and control of Gerald Sanders, 47 1st Street, Redlands, CA 92373
(909) 798-2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone, PTA, Rancho Physical
Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503 (951) 637-2320; John
Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA 92503 (909) 354-7270.
This response is given without prejudice to the right of this responding party to produce at
the time of trial, or any other proceeding in this action, any and all subsequently
discovered evidence relating to the proof of presently known material facts and
contentions, and to produce all evidence whenever discovered relating to the proof of
subsequently discovered material facts and contentions, not evident at this time.  Plaintiff
reserves the right to amend this response either before or during trial.  Discovery
continues.

49.     Objection.  Calls for speculation, premature, expert opinion and a legal conclusion.
Without the waiver of the general and specific objections stated herein, after making a
diligent search, reasonable effort and inquiry in an effort to comply with this request,
Plaintiff produces all documents in Plaintiff's possession, custody and control responsive
to this request as Exhibits "A" and "C" attached hereto.  Plaintiff further identifies his
medical records in the possession, custody and control of Gerald Sanders, 47 1st Street,
Redlands, CA 92373 (909) 798-2209; Jim Eddow, M.P.T. OCS and Bryn Tavagllone,
PTA, Rancho Physical Therapy, 10020  Indiana Avenue, Suite 4, Riverside, CA 92503
(951) 637-2320; John Portwood, M.D., 3838 Sherman Drive, Suite 2, Riverside, CA
92503 (909) 354-7270.  This response is given without prejudice to the right of this
responding party to produce at the time of trial, or any other proceeding in this action, any
and all subsequently discovered evidence relating to the proof of presently known

27

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

material facts and contentions, and to produce all evidence whenever discovered relating to the proof of subsequently discovered material facts and contentions, not evident at this time. Plaintiff reserves the right to amend this response either before or during trial. Discovery continues.

DATED: June 8, 2011

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
TARA LICATA
Attorneys for Plaintiff

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing *Response to Request for Production of Documents Set One* and know its contents.

☒ CHECK APPLICABLE PARAGRAPHS

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ a _____ of _____
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on *June 8, 2011* , at *Redlands* , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Seradano Edwards*
Type or Print Name                                                                    Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____
_____
_____ on _____ In this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
  ☐ *I deposited such envelope in the mail at _____ , California.
  The envelope was mailed with postage thereon fully prepaid.
  ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
  Executed on _____ , at _____ , California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
  Executed on _____ , at _____ , California.
☐ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                        _____
Type or Print Name                                        Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                                                        Rev. 7/99

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )  ss.
COUNTY OF LOS ANGELES      )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

     On June 10, 2011, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on the interested party or parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

David V. Greco, Esq.
CARLTON DiSANTE &
FREUDENBERGER LLP
707 Wilshire Blvd., Suite 5150
Los Angeles, CA 90017

Patricia E. Simon, Esq.
Lisa M. Szafranic, Esq.
MARTENSON, HASBROUCK & SIMON LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA  30326

     I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

     Executed on June 10, 2011, at Sherman Oaks, California.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SHAWN JERVIS

1  MARCUS A. MANCINI, ESQ. (State Bar No.146905)
   CHRISTOPHER BARNES, ESQ. (State Bar No.206186)
2  TARA J. LICATA, ESQ. (State Bar No. 266111)
   **MANCINI & ASSOCIATES**
3  A Professional Law Corporation
   15303 Ventura Boulevard, Suite 600
4  Sherman Oaks, CA 91403

5  Phone: (818) 783-5757
   Fax:    (818)783-7710
6

7  Attorneys for Plaintiff **SERDANO EDWARDS**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF RIVERSIDE**

10

11  SERDANO EDWARDS,                    )   **Case No.  RIC 1102250**
                                        )
12            Plaintiff,                )   [Assigned for all purposes to the
                                        )   Hon. Ronald L. Taylor, Dept. 06]
13        vs.                           )
                                        )   **DEPOSITION NOTICE OF THE**
14  S.P. RICHARDS COMPANY WHICH WILL    )   **PERSON MOST KNOWLEDGEABLE**
    DO BUSINESS IN CALIFORNIA AS        )   **AT S.P. RICHARDS COMPANY,**
15  GEORGIA S.P. RICHARDS COMPANY; S.P. )   **WITH PRODUCTION OF**
    RICHARDS COMPANY; and DOES 1 through)   **DOCUMENTS REQUEST**
16  100, Inclusive,                     )
                                        )   DATE:      July 22, 2011
17            Defendants                )   TIME:      10:00 a.m.
                                        )   PLACE:     Mancini & Associates
18                                      )              15303 Ventura Blvd.,
                                        )              Ste. 600
19                                      )              Sherman Oaks, California
                                        )
20                                      )
                                        )
21                                      )
                                        )
22

23          **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

24          **PLEASE TAKE NOTICE** that Plaintiff SERDANO EDWARDS, will take the deposition

25  of THE PERSON MOST QUALIFIED AT S.P. RICHARDS COMPANY, on July 22, 2011, at

26  10:00 a.m., at Mancini & Associates, A Professional Law Corporation, located at 15303 Ventura

27  Blvd., Suite 600, Sherman Oaks, CA 91403.

28  ///

                                          1
        **DEPOSITION NOTICE OF THE PERSON MOST KNOWLEDGEABLE AT S.P.**
        **RICHARDS COMPANY, WITH PRODUCTION OF DOCUMENTS REQUEST**

1    Said deposition will be taken upon oral examination, before a notary public pursuant to the

2   provisions of § 2025.010 of the California <u>Code of Civil Procedure</u> and will continue from day to

3   day, excluding Sundays and holidays, until completed.

4    YOU ARE FURTHER NOTIFIED THAT:

5   **<u>DEFINITIONS</u>**

6    1.    DOCUMENT(S) means "writing(s)" as that term is defined in [California

7   <u>Evidence Code</u> § 250].

8    2.    YOU/YOUR means Defendant , its agents and employees, its predecessors

9   and successors.

10    3.    PLAINTIFF(S) mean the plaintiff S.P. RICHARDS COMPANY in this

11   action.

12    4.    COMPLAINT means the Complaint filed by PLAINTIFF in this case.

13    5.    ANSWER means the answer YOU filed in response to the COMPLAINT.

14    6.    IDENTIFY means: 1) With respect to an individual, the individuals name,

15   business address, home address, business phone number and home phone number.  2) With

16   respect to a DOCUMENT, the name of the DOCUMENT, the date the DOCUMENT was

17   created, the nature of the DOCUMENT (i.e. letter, memorandum, report, list, etc.), the

18   name of the author of the DOCUMENT, and the name of each recipient of the document.

19    7.    PERSON(S) includes a natural person, firm, association, organization,

20   partnership, business, trust, corporation or public entity.

21    8.    INCIDENT includes the circumstances and events surrounding the alleged

22   incident, injury, or other occurrence, and as alleged against Defendants in the

23   COMPLAINT FOR DAMAGES giving rise to this action or proceeding.

24    9.    EMPLOYMENT HISTORY includes, with respect to an individual, the

25   individuals' dates of employment, the nature of the work performed by them, their status

26   with the company during that time, their level performance in each position, and their

27   respective salaries.

28

2

**DEPOSITION NOTICE OF THE PERSON MOST KNOWLEDGEABLE AT S.P. RICHARDS COMPANY, WITH PRODUCTION OF DOCUMENTS REQUEST**

1   The deponent, which is a corporation and not a natural person, is required to produce at the

2   deposition, the PERSON(S) MOST QUALIFIED AND/OR KNOWLEDGEABLE regarding the

3   following:

4   1.   YOUR general characteristics, including, but not limited to: YOUR type of

5   business, locations, hours of operation, number of employees, supervisors, managers, and parent

6   companies or owners.

7   2.   YOUR policies and procedures for handling complaints, including but not limited to

8   the PLAINTIFF's allegations giving rise to the instant action.

9   3.   YOUR policies, procedures and methods for evaluating the performance and

10  attendance of PLAINTIFF, during Plaintiff's employment.

11  4.   YOUR policies and procedures for investigating employee complaints, including

12  but not limited to the PLAINTIFF's allegations giving rise to the instant action.

13  5.   PLAINTIFF's allegations as contained in her complaint giving rise to this action.

14  6.   The PLAINTIFF's EMPLOYMENT HISTORY, employment position,

15  responsibilities, schedule, daily assignments, attendance, performance and quality of work, while

16  employed by YOU.

17  7.   Any complaints made by PLAINTIFF to YOU during employment with YOU.

18  8.   Any complaints made by PLAINTIFF to YOU regarding any problems Plaintiff

19  claimed to be having at work.

20  9.   All reprimands, discipline, and corrective actions taken by YOU against

21  PLAINTIFF during employment with YOU, the reasons and the justifications for the actions taken,

22  and the policy and procedures followed in taking this course of action.

23  10.   All employment actions taken by YOU towards PLAINTIFF and the dates, parties

24  and policies and procedures followed regarding each of the actions taken.

25  11.   The PLAINTIFF's termination of employment with YOU, including but not limited

26  to all documentation, discussions, counseling, decisions, policies and procedures, correspondence,

27  and meetings effectuating, supporting or concerning this decision.

28  12.   YOUR policies and procedures for investigating employee complaints, including

3

1  but not limited to the PLAINTIFF's allegations giving rise to the instant action.

2      13.    All actions taken by YOU to investigate and/or address complaints by PLAINTIFF,

3  YOUR findings and conclusions, and the reasons justifying them, and the identities of all persons

4  who participated in the investigation, including investigators, agents for the company, counsel,

5  parties, and witnesses.

6      14.    Any and all written complaints pertaining to Plaintiff.

7      15.    ALL MEDICAL RECORDS of Plaintiff.

8      16.     The person who replaced PLAINTIFF.

9      17.    Any medical leave given to Plaintiff by YOU.

10     18.    All open positions at YOUR company from May 2009 to present.

11     19.    All ORDER FILLERS employed by you on May 4, 2009.

12     20.    All SPECIALISTS employed by you on May 4, 2009.

13     PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

14  §§ 2025.010, et seq., and 2031.010 et seq., the deponent is required to produce the following

15  documents at the deposition, unless previously produced:

16     I.    Plaintiff's Responsibilities and Performance

17         1.    The entire employment file of PLAINTIFF.

18         2.    All DOCUMENTS referencing PLAINTIFF's employment status, during his

19  (her) employment with YOU.

20         3.    All DOCUMENTS referencing PLAINTIFF's job duties and

21  responsibilities.

22         4.    All DOCUMENTS evaluating PLAINTIFF's job performance, while

23  working for YOU.

24         5.    All DOCUMENTS relating to PLAINTIFF's attendance.

25         6.    All DOCUMENTS referencing Plaintiff's job performance.

26         7.    All payroll records pertaining to PLAINTIFF.

27         8.    All DOCUMENTS which IDENTIFY any additional corporate employers of

28  PLAINTIFF while employed by YOU.

DEPOSITION NOTICE OF THE PERSON MOST KNOWLEDGEABLE AT S.P.
RICHARDS COMPANY, WITH PRODUCTION OF DOCUMENTS REQUEST

9.      All DOCUMENTS reflecting work rules to which PLAINTIFF was subject to during employment with YOU, including any and all employee manuals and the like.

10.     All DOCUMENTS identifying any reasons for PLAINTIFF's termination of employment with YOU.

11.     All DOCUMENTS referencing any negative work performance issues or reviews toward PLAINTIFF during employment with YOU.

12.     ALL MEDICAL RECORDS of Plaintiff.

13.     All DOCUMENTS identifying the person who replaced PLAINTIFF.

14.     All DOCUMENTS referencing any medical leave given to Plaintiff by YOU.

15.     All open positions at YOUR company from May 2009 to present.

16.     All DOCUMENTS identifying ORDER FILLERS employed by you on May 4, 2009.

17.     All DOCUMENTS identifying SPECIALISTS employed by you on May 4, 2009.

II.     <u>Defendant's Policies and Procedures</u>

18.     All DOCUMENTS explaining YOUR personnel policies in effect during PLAINTIFF's employment.

19.     All DOCUMENTS explaining YOUR employment policies as to harassment and discrimination and retaliation created or updated in the last (5) years..

20.     ALL employee manuals and handbooks composed within the last five (5) years.

21.     All DOCUMENTS explaining YOUR internal grievance procedures to be followed by employees who have been harassed, discriminated or retaliated against by a fellow employee or supervisor.

22.     YOUR annual financial reports for the last five (5) years.

23.     All DOCUMENTS which YOU claim support the denials made in YOUR ANSWER to PLAINTIFF'S COMPLAINT.

**DEPOSITION NOTICE OF THE PERSON MOST KNOWLEDGEABLE AT S.P. RICHARDS COMPANY, WITH PRODUCTION OF DOCUMENTS REQUEST**

24. Any formal action taken by YOU against any of YOUR employees regarding the claims made by PLAINTIFF or otherwise arising from the INCIDENT in the instant matter.

III. Defendant's Allegations And Investigations

25. All DOCUMENTS which evidences, documents or refers to any allegations of harassment, discrimination, or retaliation made by any of YOUR employees.

26. Any and all written or recorded statements from any witness regarding any claims alleged in this action.

27. Any and all written or recorded statements from any government agent or agency regarding the claims alleged in this action.

28. All DOCUMENTS prepared by YOUR employees or agents in regards to the claims alleged in this action.

29. All photographs pertaining to the INCIDENT.

30. All DOCUMENTS which YOU claim support YOUR affirmative defenses contained in YOUR ANSWER to PLAINTIFF'S COMPLAINT.

31. All DOCUMENTS which YOU refer to in YOUR responses to Form Interrogatories, Set One, served by PLAINTIFF.

32. All DOCUMENTS which YOU claim support YOUR responses to Form Interrogatories, Set One, served by PLAINTIFF.

33. All DOCUMENTS in YOUR possession custody and control referred to in

DATED: May 2, 2011

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
CHRISTOPHER BARNES
Attorneys for Plaintiff

6

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                          )  ss.
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On **May 3, 2011**, I served the foregoing document described as **DEPOSITION NOTICE OF THE PERSON MOST KNOWLEDGEABLE AT S.P. RICHARDS COMPANY, WITH PRODUCTION OF DOCUMENTS REQUEST** on the interested party or parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

David V. Greco, Esq.
CARLTON DiSANTE &
FREUDENBERGER LLP
707 Wilshire Blvd., Suite 5150
Los Angeles, CA 90017

Patricia E. Simon, Esq.
Lisa M. Szafranic, Esq.
MARTENSON, HASBROUCK & SIMON LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA   30326

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on **May 3, 2011**, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HERMINA AVAKIAN

EXHIBIT F

1  **CARLTON DiSANTE & FREUDENBERGER LLP**
    David V. Greco, State Bar No. 224002
2  707 Wilshire Boulevard, Suite 5150
    Los Angeles, California 90017
3  Telephone:  (213) 612-6300
    Facsimile:  (213) 612-6301
4

5  **MARTENSON, HASBROUCK & SIMON LLP**
    Patricia E. Simon, Esq. (George Bar No. 618233)
6      Lisa M. Szafranic, Esq. (George Bar No. 532495)
7  3379 Peachtree Road, N.E., Suite 400
    Atlanta, Georgia  30326
8  Telephone:  (404) 909-8100
    Facsimile:  (404) 909-8120

9  *Attorneys for Defendant S.P. Richards Company*

10  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11  **FOR THE COUNTY OF RIVERSIDE**

12  SERDANO EDWARDS,        )   **Case No. RIC1102250**
                         )
13          Plaintiff,     )
                         )
14      v.                )   **DEFENDANT S.P. RICHARDS**
                         )   **COMPANY'S NOTICE OF MOTION**
15  S.P. RICHARDS COMPANY WHICH WILL ) **FOR PATRICIA E. SIMON TO**
    DO BUSINESS IN CALIFORNIA AS     )   **APPEAR *PRO HAC VICE***
16  GEORGIA S.P. RICHARDS COMPANY; S.P. )
    RICHARDS COMPANY; and DOES 1-100,  )   **[CAL. RULE OF COURT 9.40]**
17  inclusive,                    )
                         )   **Date:  June 8, 2011**
18          Defendants.    )   **Time:  9:00 a.m.**
                         )   **Dept.   12**
19                           )
                         )   **Action Filed:  February 14, 2011**

20

21

22

23

24

25

26

27

28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 28 2011

L. SIRACUSA

1

CARLTON, DiSANTE &
FREUDENBERGER LLP

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 8, 2011 at 9:00 a.m., or as soon thereafter as this matter can be heard, in Department 6 of the above-entitled Court, which is located at 4050 Main Street, Riverside, California 92501, Defendant S.P. Richards Company ("Defendant") will and hereby do apply, pursuant to California Rule of Court 9.40, for an Order permitting their attorney, Patricia E. Simon, to appear *pro hac vice* on their behalf in the above-captioned matter.

This motion is made on the grounds that all of the elements required by California Rule of Court 9.40 have been met to permit Patricia E. Simon to appear *pro hac vice* on behalf of Defendant in this matter as fully set forth in the Declarations of David V. Greco and Patricia E. Simon in support of this motion.

This motion is based on this Notice of Motion, the Application, and the Declarations of David V. Greco and Patricia E. Simon in support of the Application, all of which are either attached hereto or filed concurrently herewith.

Dated: April 27, 2011                  CARLTON, DiSANTE & FREUDENBERGER LLP

By: _____
           David V. Greco

*Attorney for Defendant S.P. Richards Company*

2

CARLTON, DiSANTE &
FREUDENBERGER LLP

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DEFENDANT S.P. RICHARDS COMPANY'S NOTICE OF MOTION FOR PATRICIA E. SIMON TO APPEAR _PRO HAC VICE_.**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

Marcus A. Mancini, Esq.
Christopher Barnes, Esq.
Tara Licata, Esq.
**Mancini & Associates**
15303 Ventura Boulevard
Suite 600
Sherman Oaks, CA 91403

State Bar of California
180 Howard Street
San Francisco, CA 94105

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

_____
Julie Kim
(Type or print name)

_____
(Signature)

3

DEFENDANT S.P. RICHARDS COMPANY'S
NOTICE OF MOTION FOR PATRICIA E. SIMON
TO APPEAR _PRO HAC VICE_

CARLTON, DiSANTE &
FREUDENBERGER LLP

1  **CARLTON DiSANTE & FREUDENBERGER LLP**
       David V. Greco, State Bar No. 224002
2  707 Wilshire Boulevard, Suite 5150
   Los Angeles, California 90017
3  Telephone: (213) 612-6300
   Facsimile: (213) 612-6301
4
5  **MARTENSON, HASBROUCK & SIMON LLP**
       Patricia E. Simon, Esq. (George Bar No. 618233)
6      Lisa M. Szafranic, Esq. (George Bar No. 532495)
   3379 Peachtree Road, N.E., Suite 400
7  Atlanta, Georgia 30326
   Telephone: (404) 909-8100
8  Facsimile: (404) 909-8120
9  *Attorneys for Defendant S.P. Richards Company*

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11               **FOR THE COUNTY OF RIVERSIDE**
12

13  SERDANO EDWARDS,                      )   Case No. RIC1102250
                                          )
14            Plaintiff,                  )
                                          )
15       v.                               )   **DEFENDANT'S APPLICATION FOR**
                                          )   **PATRICIA E. SIMON TO APPEAR**
16  S.P. RICHARDS COMPANY WHICH WILL      )   *PRO HAC VICE*
    DO BUSINESS IN CALIFORNIA AS          )
16  GEORGIA S.P. RICHARDS COMPANY; S.P.   )   **[CAL. RULE OF COURT 9.40]**
    RICHARDS COMPANY; and DOES 1-100,     )
17  inclusive,                            )   **Date:  June 8, 2011**
                                          )   **Time:  9:00 a.m.**
18            Defendants.                 )   **Dept.  12**
                                          )
19                                        )   **Action Filed:  February 14, 2011**

20
21
22
23
24
25
26
27
28

CARLTON, DiSANTE &
FREUDENBERGER LLP

                              1
                                         DEFENDANT'S APPLICATION FOR
                              PATRICIA E. SIMON TO APPEAR *PRO HAC VICE*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 28 2011

I. SIRACUSA

California Rule of Court 9.40 provides that:

> A person who is not a member of the State Bar of California but who is a member in good standing of and eligible to practice before the bar of any United States court or the highest court in any state, territory or insular possession of the United States, and who has been retained to appeal in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel *pro hac vice*, provided that an active member of the State Bar of California is associated as attorney of record.

Rule 9.40 further provides that persons seeking to be admitted *pro hac vice* must not be California residents, regularly employed in California, or regularly engaged in substantial business, professional, or other activities in California.

As set forth further in the Declarations of Patricia E. Simon and David V. Greco, which are served and filed concurrently herewith, Ms. Simon satisfies all of the requirements of Rule 9.40 necessary for the Court to permit her to be admitted *pro hac vice* in this matter. Ms. Simon is a member in good standing of the State Bar of Georgia, and an active member of the State Bar of California is associated as the local attorney of record in this matter. (Simon Decl. ¶¶1-4; Greco Decl. ¶¶1-2.) Ms. Simon does not reside in California, is not employed in California, and does not regularly engage in substantial activities in California. *Id.*

This Application, along with all supporting papers, has been served on the State Bar of California at its San Francisco office, and the required fee has been paid to the State Bar of California. (Greco Decl. ¶3.)

Having satisfied all of the conditions required by California Rule of Court 9.40, Defendant S.P. Richards Company respectfully requests that this Court grant this Application and enter an Order permitting their attorney, Patricia E. Simon, to appear on their behalf in this

2

1    matter *pro hac vice*.

2    Dated: April 27, 2011          CARLTON, DiSANTE & FREUDENBERGER LLP

3

4                                   By:_____

5                                              David V. Greco

6    Dated: April 18, 2011         MARTENSON, HASBROUCK & SIMON LLP

7

8                                   By:_____

9                                              Patricia E. Simon

10

11                                  *Attorneys for Defendant S.P. Richards Company*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150 Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION FOR PATRICIA E. SIMON TO APPEAR *PRO HAC VICE*.**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

| | |
|---|---|
| Marcus A. Mancini, Esq. | State Bar of California |
| Christopher Barnes, Esq. | 180 Howard Street |
| Tara Licata, Esq. | San Francisco, CA 94105 |
| **Mancini & Associates** | |
| 15303 Ventura Boulevard | |
| Suite 600 | |
| Sherman Oaks, CA 91403 | |

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

| | |
|---|---|
| Julie Kim | *(signature)* |
| (Type or print name) | (Signature) |

4

Carlton DiSante &
Freudenberger LLP

1  **CARLTON DiSANTE & FREUDENBERGER LLP**
   David V. Greco, State Bar No. 224002
2  707 Wilshire Boulevard, Suite 5150
   Los Angeles, California 90017
3  Telephone:  (213) 612-6300
   Facsimile:  (213) 612-6301
4

5  **MARTENSON, HASBROUCK & SIMON LLP**
   Patricia E. Simon, Esq. (George Bar No. 618233)
6     Lisa M. Szafranic, Esq. (George Bar No. 532495)
   3379 Peachtree Road, N.E., Suite 400
7  Atlanta, Georgia  30326
   Telephone:  (404) 909-8100
8  Facsimile:  (404) 909-8120

9  *Attorneys for Defendant S.P. Richards Company*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**APR 28 2011**

J. SIRACUSA

10       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11         **FOR THE COUNTY OF RIVERSIDE**

12

13  SERDANO EDWARDS,       )  **Case No. RIC1102250**
14                  )
       Plaintiff,       )
15                  )  **DECLARATION OF PATRICIA E.**
     v.            )  **SIMON  IN SUPPORT OF**
16                  )  **APPLICATION TO APPEAR**
S.P. RICHARDS COMPANY WHICH WILL  )  ***PRO HAC VICE***
   DO BUSINESS IN CALIFORNIA AS     )
17  GEORGIA S.P. RICHARDS COMPANY; S.P. )  **[CAL. RULE OF COURT 9.40]**
RICHARDS COMPANY; and DOES 1-100,  )
18  inclusive,             )
                )  **Date:  June 8, 2011**
19         Defendants.     )  **Time:  9:00 a.m.**
                )  **Dept.  12**
20  _____)
                )  **Action Filed: February 14, 2011**
21

22

23

24

25

26

27

28

CARLTON, DiSANTE &
FREUDENBERGER LLP

DECLARATION OF PATRICIA E. SIMON IN SUPPORT
OF APPLICATION TO APPEAR *PRO HAC VICE*

DECLARATION OF PATRICIA E. SIMON

I, Patricia E. Simon, declare as follows:

1.      I am an attorney at law, licensed to practice law in the State of Georgia.  I have personal knowledge of the matters contained in this Declaration, and if called and sworn as a witness, I could and would testify as set forth herein.  I make this Declaration in Support of Defendant S.P. Richards Company's Application for Patricia E. Simon to Appear *Pro Hac Vice* (the "Application").

2.      My business address is Martenson, Hasbrouck & Simon LLP, 3379 Peachtree Road, N.E., Suite 400, Atlanta, Georgia  30326, Telephone:  (404) 909-8100, and my residence address is 3874 Vermont Road, N.E., Atlanta, Georgia 30319.  I am not a resident of California, am not regularly employed in California, and do not conduct substantial business, professional, or other activities in California.

3.      I am admitted to practice in the following courts:  United States District Court District of Colorado; Superior and State Courts of Georgia; Supreme Court of Georgia; Georgia Court of Appeals; United States District Court Middle District of Georgia; United States District Court Northern District of Georgia, United States District Court Southern District of Georgia; United States District Court Central District of Illinois - Peoria Division; United States Court of Appeals First Circuit; United States Court of Appeals Sixth Circuit; United States Court of Appeals Seventh Circuit; United States Court of Appeals Ninth Circuit; United States Court of Appeals Eleventh Circuit. I am a member in good standing in those Courts, and I am not currently suspended or disbarred in any Court.

4.      Within the last two years, I have filed an application to appear as counsel *pro hac vice* in California in the following action: Norma Alarcon v. S.P. Richards Company, California Superior Court, Riverside County, Case No. RIC509637 (August 17, 2009; granted), Nick A.

2

1  *Baruch v. Genuine Parts Company d/b/a NAPA Auto Parts, et al.,* California Superior Court, San

2  Bernardino County, Case No.: CIVDS918052 (May 26, 2010; granted) and *Kevin Vaughan v.*

3  *Genuine Parts Company, et al.,* California Superior Court, Riverside County, Case No.:

4  RIC1004302 (September 20, 2010; stayed upon removal to Federal Court). The active member

5  of the State Bar of California who is associated as local counsel of record in this matter is David

6  V. Greco, Carlton, DiSante & Freudenberger LLP, 707 Wilshire Boulevard, Suite 5150, Los

7  Angeles, California 90017, Telephone: (213) 612-6300.

8      I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct, and that I executed this Declaration on April 16, 2011, in Atlanta,

10 Georgia.

11

12                                          Patricia E. Simon

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DECLARATION OF PATRICIA E. SIMON IN SUPPORT
OF APPLICATION TO APPEAR *PRO HAC VICE*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DECLARATION OF PATRICIA E. SIMON IN SUPPORT OF APPLICATION TO APPEAR *PRO HAC VICE.***

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

Marcus A. Mancini, Esq.
Christopher Barnes, Esq.
Tara Licata, Esq.
**Mancini & Associates**
15303 Ventura Boulevard
Suite 600
Sherman Oaks, CA 91403

State Bar of California
180 Howard Street
San Francisco, CA 94105

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

| | |
|---|---|
| Julie Kim | *Julie Kim* (Signature) |
| (Type or print name) | (Signature) |

**CARLTON DiSANTE & FREUDENBERGER LLP**
    David V. Greco, State Bar No. 224002
707 Wilshire Boulevard, Suite 5150
Los Angeles, California 90017
Telephone: (213) 612-6300
Facsimile: (213) 612-6301

**MARTENSON, HASBROUCK & SIMON LLP**
    Patricia E. Simon, Esq. (George Bar No. 618233)
    Lisa M. Szafranic, Esq. (George Bar No. 532495)
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120

*Attorneys for Defendant S.P. Richards Company*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 28 2011

I. SIRACUSA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| SERDANO EDWARDS,<br><br>        Plaintiff,<br><br>    v.<br><br>S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. RIC1102250<br><br>**DECLARATION OF DAVID V. GRECO IN SUPPORT OF DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION FOR PATRICIA E. SIMON TO APPEAR *PRO HAC VICE***<br><br>**[CAL. RULE OF COURT 9.40]**<br><br>**Date:  June 8, 2011**<br>**Time:  9:00 a.m.**<br>**Dept.  12**<br><br>**Action Filed: February 14, 2011** |

1

DECLARATION OF DAVID V. GRECO IN SUPPORT OF
DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION
FOR PATRICIA E. SIMON TO APPEAR *PRO HAC VICE*

CARLTON DiSANTE &
FREUDENBERGER LLP

## DECLARATION OF DAVID V. GRECO

I, David V. Greco, declare as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts in the State of California.  I am an associate with the law firm of Carlton, DiSante & Freudenberger LLP, counsel of record for Defendants in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I am an active member of the State Bar of California in good standing.

3.      The Application of Patricia E. Simon, and the supporting papers, have been served on the State Bar of California at its San Francisco office, and the required fee has been paid to the State Bar of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 27th day of April, 2011, in Los Angeles, California.



David V. Greco

---

DECLARATION OF DAVID V. GRECO IN SUPPORT OF
DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION
FOR PATRICIA E. SIMON TO APPEAR *PRO HAC VICE*

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

3

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DECLARATION OF DAVID V. GRECO IN SUPPORT OF DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION FOR PATRICIA E. SIMON TO APPEAR** *PRO HAC VICE.*

4

5

6

7

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

8

9

Marcus A. Mancini, Esq.
Christopher Barnes, Esq.
Tara Licata, Esq.
**Mancini & Associates**
15303 Ventura Boulevard
Suite 600
Sherman Oaks, CA 91403

State Bar of California
180 Howard Street
San Francisco, CA 94105

10

11

12

13

14

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

15

16

17

18

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

Executed on April 28, 2011, at Los Angeles, California.

22

23

Julie Kim
(Type or print name)

*[signature]*
(Signature)

24

25

26

27

28

3

DECLARATION OF DAVID V. GRECO IN SUPPORT OF
DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION
FOR PATRICIA E. SIMON TO APPEAR *PRO HAC VICE*

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 2 8 2011

1

2

3

4

5

6

7

8

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**

| | |
|---|---|
| 10 SERDANO EDWARDS, | ) Case No. RIC1102250 |
| 11 Plaintiff, | ) |
| 12 v. | ) **[PROPOSED] ORDER GRANTING** |
| | ) **S.P. RICHARDS COMPANY'S** |
| 13 S.P. RICHARDS COMPANY WHICH WILL | ) **APPLICATION FOR PATRICIA E.** |
| 14 DO BUSINESS IN CALIFORNIA AS | ) **SIMON  TO APPEAR** *PRO HAC VICE* |
| GEORGIA S.P. RICHARDS COMPANY; S.P. | ) |
| 15 RICHARDS COMPANY; and DOES 1-100, | ) **[CAL. RULE OF COURT 9.40]** |
| inclusive, | ) |
| 16 | ) **Date:  June 8, 2011** |
| Defendants. | ) **Time:  9:00 a.m.** |
| 17 | ) **Dept.  12** |
| 18 | ) **Action Filed:  February 14, 2011** |
| | ) |
| 19 | |

19

20

21

22

23

24

25

26

27

28

1

[PROPOSED] ORDER GRANTING DEFENDANT'S
APPLICATION FOR PATRICIA E. SIMON
TO APPEAR *PRO HAC VICE*

1  Based on the submissions of Defendant S.P. Richards Company ("Defendant"), the

2  Application to admit Patricia E. Simon of Martenson, Hasbrouck & Simon LLP *pro hac vice* to

3  appear on Defendant's behalf in the above-entitled matter is hereby GRANTED pursuant to

4  California Rule of Court 9.40.

5

6  Dated:_____

7  The Honorable Judge
   RIVERSIDE COUNTY SUPERIOR
8  COURT JUDGE

9  Submitted by:

10 Dated: April 27, 2011          CARLTON, DiSANTE & FREUDENBERGER LLP

11

12

13 By: _____
   David V. Greco

14

15 and

16

17 Dated: April 18, 2011          MARTENSON, HASBROUCK & SIMON LLP

18

19 By: _____
   Patricia E. Simon

20

21 **Attorneys for Defendant**
   **S.P. Richards Company**

22

23

24

25

26

27                                     2

28
   _____

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017.  On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **[PROPOSED] ORDER GRANTING S.P. RICHARDS COMPANY'S APPLICATION FOR PATRICIA E. SIMON TO APPEAR *PRO HAC VICE*.**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

| | |
|---|---|
| Marcus A. Mancini, Esq. | State Bar of California |
| Christopher Barnes, Esq. | 180 Howard Street |
| Tara Licata, Esq. | San Francisco, CA 94105 |
| **Mancini & Associates** | |
| 15303 Ventura Boulevard | |
| Suite 600 | |
| Sherman Oaks, CA 91403 | |

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

| | |
|---|---|
| Julie Kim | |
| (Type or print name) | (Signature) |

3



1   **CARLTON DiSANTE & FREUDENBERGER LLP**
2       David V. Greco, State Bar No. 224002
    707 Wilshire Boulevard, Suite 5150
3   Los Angeles, California 90017
    Telephone: (213) 612-6300
4   Facsimile: (213) 612-6301

5   **MARTENSON, HASBROUCK & SIMON LLP**
        Patricia E. Simon, Esq. (George Bar No. 618233)
6       Lisa M. Szafranic, Esq. (George Bar No. 532495)
7   3379 Peachtree Road, N.E., Suite 400
    Atlanta, Georgia 30326
8   Telephone: (404) 909-8100
    Facsimile: (404) 909-8120

9

10  *Attorneys for Defendant S.P. Richards Company*

11  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12  **FOR THE COUNTY OF RIVERSIDE**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 2 8 2011

C. Mundo

| | |
|---|---|
| SERDANO EDWARDS, | Case No. RIC1102250 |
| Plaintiff, | |
| v. | **DEFENDANT S.P. RICHARDS COMPANY'S NOTICE OF MOTION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*** |
| S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY; and DOES 1-100, inclusive, | [CAL. RULE OF COURT 9.40] |
| Defendants. | Date:  June 8, 2011<br>Time:  9:00 a.m.<br>Dept.  12 |
| | Action Filed:  February 14, 2011 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

DEFENDANT S.P. RICHARDS COMPANY'S
NOTICE OF MOTION FOR LISA M. SZAFRANIC
TO APPEAR *PRO HAC VICE*

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT on June 8, 2011, at 9:00 a.m., or as soon thereafter as

3    this matter can be heard, in Department 6 of the above-entitled Court, which is located at 4050

4    Main Street, Riverside, California 92501, Defendant S.P. Richards Company ("Defendant") will

5    and hereby do apply, pursuant to California Rule of Court 9.40, for an Order permitting their

6    attorney, Lisa M. Szafranic, to appear *pro hac vice* on their behalf in the above-captioned matter.

7    This motion is made on the grounds that all of the elements required by California Rule

8    of Court 9.40 have been met to permit Lisa M. Szafranic to appear *pro hac vice* on behalf of

9    Defendant in this matter as fully set forth in the Declarations of David V. Greco and Lisa M.

10   Szafranic in support of this motion.

11

12   This motion is based on this Notice of Motion, the Application, and the Declarations of

13   David V. Greco and Lisa M. Szafranic in support of the Application, all of which are either

14   attached hereto or filed concurrently herewith.

15   Dated: April 27, 2011                CARLTON, DiSANTE & FREUDENBERGER LLP

16

17

18   By: _____
                        David V. Greco
19
     *Attorney for Defendant S.P. Richards Company*
20

21

22

23

24

25

26

27

28
                                            2

CARLTON, DiSANTE &
FREUDENBERGER LLP

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

    I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DEFENDANT S.P. RICHARDS COMPANY'S NOTICE OF MOTION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*.**

    By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

| | |
|---|---|
| Marcus A. Mancini, Esq.<br>Christopher Barnes, Esq.<br>Tara Licata, Esq.<br>**Mancini & Associates**<br>15303 Ventura Boulevard<br>Suite 600<br>Sherman Oaks, CA 91403 | State Bar of California<br>180 Howard Street<br>San Francisco, CA 94105 |

[X]  By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on April 28, 2011, at Los Angeles, California.

_____  
(Type or print name)

_____  
(Signature)

3

CARLTON, DiSANTE &  
FREUDENBERGER LLP

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 2 8 2011

C. Mundo

1  **CARLTON DiSANTE & FREUDENBERGER LLP**
   David V. Greco, State Bar No. 224002
2  707 Wilshire Boulevard, Suite 5150
   Los Angeles, California 90017
3  Telephone: (213) 612-6300
   Facsimile: (213) 612-6301
4

5  **MARTENSON, HASBROUCK & SIMON LLP**
   Patricia E. Simon, Esq. (George Bar No. 618233)
6  Lisa M. Szafranic, Esq. (George Bar No. 532495)
   3379 Peachtree Road, N.E., Suite 400
7  Atlanta, Georgia  30326
   Telephone: (404) 909-8100
8  Facsimile: (404) 909-8120

9  *Attorneys for Defendant S.P. Richards Company*

10               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                       **FOR THE COUNTY OF RIVERSIDE**

12

13  SERDANO EDWARDS,                    )  **Case No. RIC1102250**
                                        )
14               Plaintiff,             )
                                        )  **DEFENDANT'S APPLICATION FOR**
15          v.                          )  **LISA M. SZAFRANIC TO APPEAR**
                                        )  ***PRO HAC VICE***
16  S.P. RICHARDS COMPANY WHICH WILL    )
    DO BUSINESS IN CALIFORNIA AS        )  **[CAL. RULE OF COURT 9.40]**
17  GEORGIA S.P. RICHARDS COMPANY; S.P. )
    RICHARDS COMPANY; and DOES 1-100,   )
18  inclusive,                          )  **Date:  June 8, 2011**
                                        )  **Time:  9:00 a.m.**
19               Defendants.            )  **Dept.  12**
                                        )
20  _____ )  **Action Filed:  February 14, 2011**

21

22

23

24

25

26

27

28

CARLTON, DiSANTE &
FREUDENBERGER LLP

                                    1
                         DEFENDANT'S APPLICATION FOR
                LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*

California Rule of Court 9.40 provides that:

> A person who is not a member of the State Bar of California but
> who is a member in good standing of and eligible to practice
> before the bar of any United States court or the highest court in any
> state, territory or insular possession of the United States, and who
> has been retained to appeal in a particular cause pending in a court
> of this state, may in the discretion of such court be permitted upon
> written application to appear as counsel *pro hac vice*, provided that
> an active member of the State Bar of California is associated as
> attorney of record.

Rule 9.40 further provides that persons seeking to be admitted *pro hac vice* must not be California residents, regularly employed in California, or regularly engaged in substantial business, professional, or other activities in California.

As set forth further in the Declarations of Lisa M. Szafranic and David V. Greco, which are served and filed concurrently herewith, Ms. Szafranic satisfies all of the requirements of Rule 9.40 necessary for the Court to permit her to be admitted *pro hac vice* in this matter.  Ms. Szafranic is a member in good standing of the State Bar of Georgia, and an active member of the State Bar of California is associated as the local attorney of record in this matter.  (Szafranic Decl. ¶¶1-4; Greco Decl. ¶¶1-2.)  Ms. Szafranic does not reside in California, is not employed in California, and does not regularly engage in substantial activities in California. *Id.*

This Application, along with all supporting papers, has been served on the State Bar of California at its San Francisco office, and the required fee has been paid to the State Bar of California. (Greco Decl. ¶3.)

//

//

//

CARLTON, DiSANTE &
FREUDENBERGER LLP

2

1   Having satisfied all of the conditions required by California Rule of Court 9.40,

2   Defendant S.P. Richards Company respectfully requests that this Court grant this Application

3   and enter an Order permitting their attorney, Lisa M. Szafranic, to appear on their behalf in this

4   matter *pro hac vice*.

5   Dated: April 27, 2011

CARLTON, DiSANTE & FREUDENBERGER LLP

By: _____
        David V. Greco

9   Dated: April 18, 2011

MARTENSON, HASBROUCK & SIMON LLP

By: _____
        Lisa M. Szafranic

**Attorneys for Defendant S.P. Richards Company**

28

3

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150 Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE.***

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

| | |
|---|---|
| Marcus A. Mancini, Esq. | State Bar of California |
| Christopher Barnes, Esq. | 180 Howard Street |
| Tara Licata, Esq. | San Francisco, CA 94105 |
| **Mancini & Associates** | |
| 15303 Ventura Boulevard | |
| Suite 600 | |
| Sherman Oaks, CA 91403 | |

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

| | |
|---|---|
| Julie Kim | _(signature)_ |
| (Type or print name) | (Signature) |

DEFENDANT'S APPLICATION FOR
LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*

CARLTON, DISANTE &
FREUDENBERGER LLP

1  **CARLTON DiSANTE & FREUDENBERGER LLP**
   David V. Greco, State Bar No. 224002
2  707 Wilshire Boulevard, Suite 5150
   Los Angeles, California 90017
3  Telephone: (213) 612-6300
   Facsimile: (213) 612-6301
4
5  **MARTENSON, HASBROUCK & SIMON LLP**
   Patricia E. Simon, Esq. (George Bar No. 618233)
6  Lisa M. Szafranic, Esq. (George Bar No. 532495)
   3379 Peachtree Road, N.E., Suite 400
7  Atlanta, Georgia 30326
   Telephone: (404) 909-8100
8  Facsimile: (404) 909-8120
9  *Attorneys for Defendant S.P. Richards Company*
10             SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                  FOR THE COUNTY OF RIVERSIDE
12

| | |
|---|---|
| 13  SERDANO EDWARDS, | Case No. RIC1102250 |
| 14            Plaintiff, | |
|     v. | **DECLARATION OF LISA M.** |
| 15 | **SZAFRANIC IN SUPPORT OF** |
|    S.P. RICHARDS COMPANY WHICH WILL | **APPLICATION TO APPEAR** |
| 16  DO BUSINESS IN CALIFORNIA AS | ***PRO HAC VICE*** |
|    GEORGIA S.P. RICHARDS COMPANY; S.P. | |
| 17  RICHARDS COMPANY; and DOES 1-100, | **[CAL. RULE OF COURT 9.40]** |
|    inclusive, | |
| 18 | **Date:   June 8, 2011** |
|            Defendants. | **Time:   9:00 a.m.** |
| 19 | **Dept.   12** |
| 20 | **Action Filed: February 14, 2011** |

21
22
23
24
25
26
27
28

CARLTON, DiSANTE &
FREUDENBERGER LLP

DECLARATION OF LISA M. SZAFRANIC IN SUPPORT
OF APPLICATION TO APPEAR *PRO HAC VICE*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 2 8 2011

C. Mundo

## DECLARATION OF LISA M. SZAFRANIC

I, Lisa M. Szafranic, declare as follows:

1.      I am an attorney at law, licensed to practice law in the State of Georgia.  I have personal knowledge of the matters contained in this Declaration, and if called and sworn as a witness, I could and would testify as set forth herein.  I make this Declaration in Support of Defendant S.P. Richards Company's Application for Lisa M. Szafranic to Appear *Pro Hac Vice* (the "Application").

2.      My business address is Martenson, Hasbrouck & Simon LLP, 3379 Peachtree Road, N.E., Suite 400, Atlanta, Georgia 30326, Telephone:  (404) 909-8100, and my residence address is 4464 Powers Ferry Road, Atlanta, Georgia 30327.  I am not a resident of California, am not regularly employed in California, and do not conduct substantial business, professional, or other activities in California.

3.      I am admitted to practice in the following courts:  Fulton County Superior Court; Georgia Supreme Court; United States District Court Northern District of Georgia; United States District Court Eastern District of Michigan; Tennessee Supreme Court; Circuit Court of Tennessee Thirtieth Judicial District at Memphis; United States District Court Eastern District of Tennessee; United States Court of Appeals for the First Circuit; United States Court of Appeals for the Sixth Circuit. I am a member in good standing in those Courts, and I am not currently suspended or disbarred in any Court.

4.      Within the last two years, I have filed an application to appear as counsel *pro hac vice* in California in the following actions: Nick A. Baruch v. Genuine Parts Company d/b/a NAPA Auto Parts Stores, et al., California Superior Court, San Bernardino County, Case No.: CIVDS918052 (May 26, 2010; granted) and Kevin Vaughan v. Genuine Parts Company, et al., California Superior Court, Riverside County, Case No.: RIC1004302   (September 20, 2010;

DECLARATION OF LISA M. SZAFRANIC IN SUPPORT
OF APPLICATION TO APPEAR *PRO HAC VICE*

stayed upon removal to Federal Court).  The active member of the State Bar of California who is associated as local counsel of record in this matter is David V. Greco, Carlton, DiSante & Freudenberger LLP, 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017, Telephone: (213) 612-6300.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I executed this Declaration on April *18* 2011, in Atlanta, Georgia.

Lisa M. Szafranic

3
DECLARATION OF LISA M. SZAFRANIC IN SUPPORT OF APPLICATION TO APPEAR *PRO HAC VICE*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DECLARATION OF LISA M. SZAFRANIC IN SUPPORT OF APPLICATION TO APPEAR *PRO HAC VICE*.**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

| | |
|---|---|
| Marcus A. Mancini, Esq. | State Bar of California |
| Christopher Barnes, Esq. | 180 Howard Street |
| Tara Licata, Esq. | San Francisco, CA 94105 |
| **Mancini & Associates** | |
| 15303 Ventura Boulevard | |
| Suite 600 | |
| Sherman Oaks, CA 91403 | |

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

Julie Kim
(Type or print name)

(Signature)

4

DECLARATION OF LISA M. SZAFRANIC IN SUPPORT
OF APPLICATION TO APPEAR *PRO HAC VICE*

1   **CARLTON DiSANTE & FREUDENBERGER LLP**
     David V. Greco, State Bar No. 224002
2   707 Wilshire Boulevard, Suite 5150
    Los Angeles, California 90017
3   Telephone:  (213) 612-6300
    Facsimile:  (213) 612-6301
4

5   **MARTENSON, HASBROUCK & SIMON LLP**
     Patricia E. Simon, Esq. (George Bar No. 618233)
6    Lisa M. Szafranic, Esq. (George Bar No. 532495)
    3379 Peachtree Road, N.E., Suite 400
7   Atlanta, Georgia  30326
    Telephone:  (404) 909-8100
8   Facsimile:  (404) 909-8120

9   *Attorneys for Defendant S.P. Richards Company*

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF RIVERSIDE

12  | SERDANO EDWARDS, | ) | Case No. RIC1102250 |

13  |     Plaintiff, | ) |

14  | | ) | **DECLARATION OF DAVID V. GRECO** |
    |    v. | ) | **IN SUPPORT OF DEFENDANT S.P.** |
15  | | ) | **RICHARDS COMPANY'S** |
    | S.P. RICHARDS COMPANY WHICH WILL | ) | **APPLICATION FOR LISA M.** |
16  | DO BUSINESS IN CALIFORNIA AS | ) | **SZAFRANIC TO APPEAR *PRO HAC*** |
    | GEORGIA S.P. RICHARDS COMPANY; S.P. | ) | ***VICE*** |
17  | RICHARDS COMPANY; and DOES 1-100, | ) |
    | inclusive, | ) | **[CAL. RULE OF COURT 9.40]** |
18  | | ) |
    |     Defendants. | ) | **Date:   June 8, 2011** |
19  | | ) | **Time:   9:00 a.m.** |
    | | ) | **Dept.   12** |
20  | | ) |
    | | ) | **Action Filed: February 14, 2011** |
21

22

23

24

25

26

27

28                                          1

CARLTON DiSANTE &
FREUDENBERGER LLP

                    DECLARATION OF DAVID V. GRECO IN SUPPORT OF
                    DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION
                    FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 2 8 2011

C. Mundo

## DECLARATION OF DAVID V. GRECO

I, David V. Greco, declare as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts in the State of California.  I am an associate with the law firm of Carlton, DiSante & Freudenberger LLP, counsel of record for Defendants in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I am an active member of the State Bar of California in good standing.

3.      The Application of Lisa M. Szafranic, and the supporting papers, have been served on the State Bar of California at its San Francisco office, and the required fee has been paid to the State Bar of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 27th day of April, 2011, in Los Angeles, California.



David V. Greco

2
DECLARATION OF DAVID V. GRECO IN SUPPORT OF
DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION
FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **DECLARATION OF DAVID V. GRECO IN SUPPORT OF DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION FOR LISA M. SZAFRANIC TO APPEAR** *PRO HAC VICE.*

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

| | |
|---|---|
| Marcus A. Mancini, Esq. | State Bar of California |
| Christopher Barnes, Esq. | 180 Howard Street |
| Tara Licata, Esq. | San Francisco, CA 94105 |
| **Mancini & Associates** | |
| 15303 Ventura Boulevard | |
| Suite 600 | |
| Sherman Oaks, CA 91403 | |

[X]  By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

| | |
|---|---|
| Julie Kim | *(Signature)* |
| (Type or print name) | |

3

DECLARATION OF DAVID V. GRECO IN SUPPORT OF DEFENDANT S.P. RICHARDS COMPANY'S APPLICATION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*



RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 28 2011

1
2
3
4
5
6
7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8
**COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**
9

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| SERDANO EDWARDS,<br><br>         Plaintiff,<br><br>    v.<br><br>S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY; and DOES 1-100, inclusive,<br><br>         Defendants. | Case No. RIC1102250<br><br>**[PROPOSED] ORDER GRANTING S.P. RICHARDS COMPANY'S APPLICATION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE***<br><br>**[CAL. RULE OF COURT 9.40]**<br><br>**Date:**  June 8, 2011<br>**Time:**  9:00 a.m.<br>**Dept.**  12<br><br>**Action Filed:  February 14, 2011** |

19
20
21
22
23
24
25
26
27

1

28

1        Based on the submissions of Defendant S.P. Richards Company ("Defendant"), the

2   Application to admit Lisa M. Szafranic of Martenson, Hasbrouck & Simon LLP *pro hac vice* to

3   appear on Defendant's behalf in the above-entitled matter is hereby GRANTED pursuant to

4   California Rule of Court 9.40.

5

6

   Dated:_____   _____

7                                                            The Honorable Judge

8                                                            RIVERSIDE COUNTY SUPERIOR
                                                         COURT JUDGE

9   Submitted by:

10  Dated: April 27, 2011

11                                         CARLTON, DiSANTE & FREUDENBERGER LLP

12

13                                         By: _____

14                                                   David V. Greco

15                                         and

16

17  Dated: April 18, 2011             MARTENSON, HASBROUCK & SIMON LLP

18

19                                         By: _____
                                                Lisa M. Szafranic

20

21                                      **Attorneys for Defendant
                                    S.P. Richards Company**

22

23

24

25

26

27                                               2

28                                      [PROPOSED] ORDER GRANTING DEFENDANT'S
                                    APPLICATION FOR LISA M. SZAFRANIC
                                    TO APPEAR *PRO HAC VICE*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017.  On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **[PROPOSED] ORDER GRANTING S.P. RICHARDS COMPANY'S APPLICATION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE.***

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

| | |
|---|---|
| Marcus A. Mancini, Esq. | State Bar of California |
| Christopher Barnes, Esq. | 180 Howard Street |
| Tara Licata, Esq. | San Francisco, CA 94105 |
| **Mancini & Associates** | |
| 15303 Ventura Boulevard | |
| Suite 600 | |
| Sherman Oaks, CA 91403 | |

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

_____
Julie Kim
(Type or print name)

_____
(Signature)

3

[PROPOSED] ORDER GRANTING DEFENDANT'S
APPLICATION FOR LISA M. SZAFRANIC
TO APPEAR *PRO HAC VICE*

EXHIBIT H

Riverside Superior Court
Date Received:
APR 2 8 2011

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 08 2011

REC

APR 2 8 2011

B

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE

SERDANO EDWARDS,

    Plaintiff,

    v.

S.P. RICHARDS COMPANY WHICH WILL
DO BUSINESS IN CALIFORNIA AS
GEORGIA S.P. RICHARDS COMPANY; S.P.
RICHARDS COMPANY; and DOES 1-100,
inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. RIC1102250

By Fax

REC

JUN 1 0 2011

B

[PROPOSED] ORDER GRANTING
S.P. RICHARDS COMPANY'S
APPLICATION FOR PATRICIA E.
SIMON TO APPEAR *PRO HAC VICE*

[CAL. RULE OF COURT 9.40]

Date:  June 8, 2011
Time:  9:00 a.m.
Dept.  12

Action Filed:  February 14, 2011

1

[PROPOSED] ORDER GRANTING DEFENDANT'S
APPLICATION FOR PATRICIA E. SIMON

Based on the submissions of Defendant S.P. Richards Company ("Defendant"), the Application to admit Patricia E. Simon of Martenson, Hasbrouck & Simon LLP *pro hac vice* to appear on Defendant's behalf in the above-entitled matter is hereby GRANTED pursuant to California Rule of Court 9.40.

Dated: _6/8/2011_

The Honorable Judge
RIVERSIDE COUNTY SUPERIOR
COURT JUDGE

Submitted by:

Dated: April 27, 2011

CARLTON, DiSANTE & FREUDENBERGER LLP

By: _____
David V. Greco

and

Dated: April 18, 2011

MARTENSON, HASBROUCK & SIMON LLP

By: _____
Patricia E. Simon

**Attorneys for Defendant**
**S.P. Richards Company**

2

[PROPOSED] ORDER GRANTING DEFENDANT'S

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017.  On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **[PROPOSED] ORDER GRANTING S.P. RICHARDS COMPANY'S APPLICATION FOR PATRICIA E. SIMON TO APPEAR *PRO HAC VICE*.**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

Marcus A. Mancini, Esq.                     State Bar of California
Christopher Barnes, Esq.                     180 Howard Street
Tara Licata, Esq.                                San Francisco, CA 94105
**Mancini & Associates**
15303 Ventura Boulevard
Suite 600
Sherman Oaks, CA 91403

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

_____                    _____
Julie Kim                                              (Signature)
(Type or print name)

3

[PROPOSED] ORDER GRANTING DEFENDANT'S
APPLICATION FOR PATRICIA E. SIMON

EXHIBIT I

F I L E D

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 08 2011

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**

| | |
|---|---|
| SERDANO EDWARDS, | Case No. RIC1102250 |
| Plaintiff, | |
| v. | [PROPOSED] ORDER GRANTING S.P. RICHARDS COMPANY'S APPLICATION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE* |
| S.P. RICHARDS COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS GEORGIA S.P. RICHARDS COMPANY; S.P. RICHARDS COMPANY; and DOES 1-100, inclusive, | [CAL. RULE OF COURT 9.40] |
| Defendants. | Date:  June 8, 2011 |
| | Time:  9:00 a.m. |
| | Dept.  12 |
| | Action Filed:  February 14, 2011 |

1

1   Based on the submissions of Defendant S.P. Richards Company ("Defendant"), the

2   Application to admit Lisa M. Szafranic of Martenson, Hasbrouck & Simon LLP *pro hac vice* to

3   appear on Defendant's behalf in the above-entitled matter is hereby GRANTED pursuant to

4   California Rule of Court 9.40.

5

6   Dated: _10/5/2011_

7                                        The Honorable Judge
                                         RIVERSIDE COUNTY SUPERIOR
8                                        COURT JUDGE

9   Submitted by:

10  Dated: April 27, 2011

11                                       CARLTON, DiSANTE & FREUDENBERGER LLP

12

13  By: _____
                                         David V. Greco
14

15  and

16

17  Dated: April 18, 2011                MARTENSON, HASBROUCK & SIMON LLP

18

19  By: _____
                                         Lisa M. Szafranic
20

21                                       **Attorneys for Defendant
                                         S.P. Richards Company**
22

23

24

25

26

27

28                                       2

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On April 28, 2011, I served upon the interested party(ies) in this action the following document described as: **[PROPOSED] ORDER GRANTING S.P. RICHARDS COMPANY'S APPLICATION FOR LISA M. SZAFRANIC TO APPEAR *PRO HAC VICE*.**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed to Plaintiff's counsel of record and the State Bar of California, as stated below, for processing by the following method:

Marcus A. Mancini, Esq.
Christopher Barnes, Esq.
Tara Licata, Esq.
**Mancini & Associates**
15303 Ventura Boulevard
Suite 600
Sherman Oaks, CA 91403

State Bar of California
180 Howard Street
San Francisco, CA 94105

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2011, at Los Angeles, California.

Julie Kim
(Type or print name)

(Signature)

3

[PROPOSED] ORDER GRANTING DEFENDANT'S
APPLICATION FOR LISA M. SZAFRANIC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1068 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═══════════════════════════════════════════════

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Serdano Edwards | **DEFENDANTS**<br>S.P. Richards Company |

| | |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Marcus A. Mancini<br>Mancini & Associates<br>15303 Ventura Boulevard, Suite 600<br>Sherman Oaks, CA 91403 | Attorneys (If Known)<br>David V. Greco<br>Carlton DiSante & Freudenberger LLP<br>707 Wilshire Boulevard, Suite 5150<br>Los Angeles, CA 90017<br>(213) 612-6300 Co-Counsel: Lisa M. Szafranic<br>Martenson, Hasbrouch & Simon LLP |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendants are filing the Notice of Removal under 28 U.S.C. § 1332. Plaintiff claims that he was discriminated against on the basis of an alleged disability.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

EDCV11-1068

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |

(c)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):    David W. Greco, Attorney for Defendant    Date    July 8, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, California 90017. On July 8, 2011, I served upon the interested party(ies) in this action the following document described as: CIVIL COVER SHEET

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

Marcus A. Mancini, Esq.
Christopher Barnes, Esq.
Tara Licata, Esq.
Mancini & Associates
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 8, 2011, at Los Angeles, California.

_____
Sandra Wilfong
(Type or print name)

_____
(Signature)